O'NEILL, Appellant, *v.* MURRY, Respondent.

**1. Abatement and Revival — Replevin, Survival of.**

Under § 85, C. C. Pro., providing that "No action shall abate by the death * * * of a party, * * * if the cause of action survive," and authoriz ing the court to "allow the action to be continued by or against his personal representative or successor in interest," the court, in an action of replevin, where the defendant pleaded title and right of possession to the property, al lowed the action upon the defendant's death to be continued by his personal representative. *Held*, proper.

**2. Attorney and client—Scrivener—Communications—Evidence.**

Under sub. 1, § 499, C. C. Pro., providing that "an attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employ ment," an attorney employed for the purpose of drawing certain conveyances (the execution of which had been determined upon before consulting him) may testify as to what was said and done at the time of their execution as bearing on an issue of their being absolute, or conditional merely.

**3. Pleading — Proof — Replevin.**

In an action of replevin where the plaintiff (his complaint being in the ordinary form) sought to recover under a bill of sale for the defendant, the court, under a general denial, and plea of title and right of possession in the defendant, permitted him to introduce evidence tending to show that the bill of sale, though absolute in form, was in fact a mortgage. *Held*, proper.

(Argued and determined at the October Term, 1888.)

APPEAL from the district court, Lawrence county; Hon. Chas. M. Thomas, Judge.

This was an action by the appellant, Peter O'Neil, to recover the possession of certain horses, cattle, wagons, grain and farm machinery from one John W. Murry. The complaint contained the usual allegations of ownership, right to possession, that the property had been wrongfully taken and was so detained by the defendant. The answer denied all of the allegations of the complaint, and, " further answering," the defendant alleged : " That, at the times mentioned in the said complaint, the personal property therein described, and each and every portion thereof, was and still is the property of the defendant, and not of the plaintiff; and the whole of the said personal property and chattels were then rightfully in the possession of this defendant. That the said personal property and chattels, and the whole thereof, have been delivered to the plaintiff upon his claiming the immediate delivery thereof at the commencement of this action, to the damage of this defendant for the said delivery, and for the detention of the said property in the sum of $2,000." There was the usual prayer for a return of the property or its value and damages.

The defendant having died after the answer was interposed, his wife, Cynthia A. Murry, the respondent, suggested the death, also, that she had been appointed administratrix of his estate, and asked that the action be continued and that she be substituted as defendant. The plaintiff objected to this on the ground that the action did not survive. The court granted the application, to which the plaintiff excepted. The case then proceeded to trial. The plaintiff claimed title and the right to the possession of the property under a bill of sale from Murry and his wife. The administratrix contended that the bill of sale had been given to secure the payment of a debt—was a mortgage merely—and the

plaintiff was-not entitled to the possession of the property.  It
appeared, that, in March, 1881, Murry and his wife executed a
note to one Richard R. Coyne, due in four months; that, to secure
the payment of this note, they executed mortgages on their farm,
certain town lots and the personal property in controversy; that
this note and the mortgages had been assigned to the plaintiff;
that thereafter, in November, 1881, Murry and his wife executed
to the plaintiff a deed of the farm and all of the lots excepting
the one they were living on, also a bill of sale of the personal
property in controversy, it being the same as that mortgaged ex-
cept certain parts that the plaintiff released at the time of the ex-
ecution of the bill of sale ; that as a part of the transaction the
plaintiff executed to Murry and his wife a lease of the farm and
the personal property in controversy.  The plaintiff contended
this entire transaction was a settlement and satisfaction of the in-
debtedness of the Murrys to him, and that all of the instruments
were what they purported to be on their face — absolute.  The
lease having expired, the plaintiff sought to recover possession of
the personal property under his bill of sale.  In the condition of
the pleadings, as above stated, the court admitted evidence tend-
ing to show that the bill of sale was a mortgage.  It also ap-
peared on the trial that the plaintiff had one Allen, an attorney
at law, draw the deed and bill of sale.  The court, over the ob-
jection of the plaintiff, permitted this attorney to testify as to
what was said by the parties and himself as to the matter at the
time of the execution of the instruments.  Allen had not been
acting as an attorney in any transaction between the parties to
the instruments.  It appeared the plaintiff came to him first, di-
rected what papers he wanted drawn, that Allen drew them and
was paid for that work; that he had drawn papers for the plaintiff
before, and had afterward acted for him in this matter against
Murry and his wife.

[With the testimony of Allen in the record it could hardly be
contended there was no substantial conflict in the evidence as to
the real object of the bill of sale.  In view of the decisions of
this court in such case, and the evidence being voluminous, the
reporter has deemed it best not to bring it into this report.]

The jury returned a verdict for the defendant for a part of the

property. The plaintiff made a motion for a new trial which was denied. Judgment having been entered in favor of the defendant the plaintiff appealed.

The sections of the C. C. Pro. involved are stated in the head-notes.

*McLaughlin & Steele,* for appellant.

The action of claim and delivery under the code is in the nature of replevin at common law; it is founded on a *personal* wrong and does not survive. Pitts v. Hale, 3 Mass. 321; Mellen v. Baldwin, 4 id. 480; 1 Wait Pr. 152; Badlam v. Tucker, 1 Pick. 284; Meritt v. Lambert, 8 Gr. 128; Webber v. Underhill, 19 Wend. 447; Burkley v. Luce, 1 N. Y. 163; Hopkins v. Adams, 6 Duer, 685; Potter v. Van Vranken, 36 N. Y. 619; Putnam v. Van Buren, 7 How. Pr. 31; Freeman v. Frank, 10 Abb. Pr. 370; Mosely v. Mosely, 11 id. 105; Kissam v. Hamilton, 20 How. Pr. 369; More v. Bennett, 65 Barb. 341; Clark v. McClelland, 9 Pa. St. 128; Wells, Rep., § 801; Heinmuller v. Gray, 44 How. Pr. 260. The action having abated a new summons and plea was necessary to revive it. No personal wrong was imputed to the administratrix, and she could not be substituted. Green v. Watkins, 6 Wheat. 261; Macker v. Thomas, 7 id. 530. There is no authority to introduce new parties except by amendment or supplemental pleading. Caledonia G. M. Co. v. Noonan, 3 Dak. 189. It was plaintiff's privilege to prosecute or discontinue the action. The defendant's answer was one of denial merely, it set up no new matter constituting a defense, or counter-claim.

To show the bill of sale a mortgage it was necessary to plead it, and there should have been an offer to redeem. 2 Jones, Mortg., §§ 1093–1113; Marsh v. McNair, 1 N. E. Rep. 660, 99 N. Y. 180; Stevens v. Cooper, 1 Johns. Ch. 425; Ward v. McNaughton, 43 Cal. 159; James v. McKenron, 6 Johns. 543; 16 N. Y. 297; 1 Jones, § 282. The deed, bill of sale and lease were one transaction and conclusively showed a settlement and change of ownership in the property and could not be contradicted. Holcomb v. Mooney, 11 Pac. Rep. 274; 2 Pars. Cont. 547–557; 1 Addison (3d ed.), § 242; 2 Whart. Ev., §§ 920, 921; C. C., §§ 921, 969. It is clearly contemplated by sections 1724, 1726, 1740, 1741, C. C., that a contract

in writing is required to render a conveyance of real property a mortgage, *i. e.*, a contract in writing to change a contract in writing. Such construction would give effect to all of these sections.

*Strict proof* was required, the evidence was insufficient. Murry was estopped by the lease from disputing plaintiff's title, and his administratrix was in no better position. 2 Smith L. Cas. 754.

Allen was the plaintiff's attorney; his testimony was incompetent. Pol. C., chap. 18, §4, sub. 4; C. C. Pro., § 499; 1 Gr. Ev., §§ 236–242; 1 Whart. Ev., §§ 576, 581; Chirac v. Reinicker, 11 Wheat. 280; Jenkenson v. State, 5 Blackf. 465.

*Martin & Mason*, for respondent.

Continuing the action and substituting the administratrix without further pleading was correct. C. C. Pro., § 85; Wait Code, § 121; Moore v. Hamilton, 44 N. Y. 666; Livermore v. Brainbridge, 43 How. Pr. 272; Gordon v. Sterling, 13 id. 405; Allen v. Walter, 10 Abb. Pr. 379; Coon v. Knapp, 13 How. Pr. 175; Greene v. Bates, 7 id. 296; Stocking v. Hanson, 22 Minn. 542; Van Santvoord Pl., 101. Replevin at common law did not abate by the death of the sole plaintiff. The defendant in this case is in the position of a plaintiff, and the action would have survived even at common law. Replevin, in most of the states, survives the death of either plaintiff or defendant. Keite v. Boyd, 16 S. & R. 300; Coleman v. Woodworth, 28 Cal. 568; Halleck v. Mixer, 16 id. 574; Curtis v. Herrick, 14 id. 117; Barrett v. Birge, 50 id. 665; Russell v. Dennison, 45 id. 337; Judson v. Love, 35 id. 463; Best v. Vedder, 58 How. Pr. 187; Doedt v. Wiswall, 15 id. 128; 1 Chitty Pl. 69; Bliss, §§ 39, 43. This property passed to the administratrix for the purpose of administration. C. C., §§ 361, 777; Probate C., §§ 210–213; Belk. Prob. L., § 1582.

The evidence showing the bill of sale a mortgage was proper. Under the plea of property the defendant could show title no matter how derived. Wells, §§ 685, 686, 688; O'Connor v. Union Line, 31 Ill. 236; Martin v. Watson, 8 Wis. 130; Dermott v. Wallace, 1 Black, 96. A lien transfers no title. C. C., §§ 1706, 1707; Everett v. Buchanan, 2 Dak. 264. The evidence was admissible in an action at law as well as equity. C. C., §§ 1724,

1726; Cal. C. C., § 2925; Cunningham v. Hawkins, 27 Cal. 603; Jackson v. Lodge, 36 id. 29; Vance v. Lincoln, 38 id. 586; Manufacturers' Bank v. Rugee, 18 N. W. Rep. 251; Taylor v. McClain, 2 Pac. Rep. 399; Butts v. Privett, 14 id. 247; Babcock v. Wyman, 19 How. 289; Villa v. Rodgnez, 12 Wall. 323; Peugh v. Davis, 96 U. S. 332; Britton v. Lorenz, 45 N. Y. 51; Nicklin v. Nelson, 5 Pac. Rep. 51; Darst v. Murphy, 9 N. E. Rep. 887; Miller v. Thomas, 14 Ill. 428; McMillan v. Bissell, 29 N. W. Rep. 737; Melms v. Pflister, 18 id. 255; Rockwell v. Humphrey, 15 id. 394; Hughes v. Sheaff, 19 Ia. 335; Russell v. Southard, 12 How. 139.

Allen's testimony was admissible. He was not employed as an attorney in the transaction concerning which he testified. It is only communications in the course of an employment that are privileged. C. C. Pro., § 499. These statements were not within the rule. Gallagher v. Williamson, 23 Cal. 332; Hager v. Shurdtler, 29 id. 64; Britton v. Lorenz, 45 N. Y. 51; Coveney v. Tannahill, 1 Hill, 33; Bank v. Synden, 5 How. Pr. 254; Hatton v. Robinson, 14 Pick. 416; 1 Whart. Ev., §§ 587, 588, 589.

There was not merely a " substantial conflict " in the evidence, but a vast preponderance in favor of the verdict. It cannot, therefore, be disturbed.

By the COURT:

This case is affirmed, the court being of the opinion:

1. That the cause of action stated in the counter-claim of the defendant, John W. Murry, deceased, survives, and that the order of the court substituting and continuing his administratrix as party defendant was proper and legal.

2. That the parol testimony tending to show that the bill of sale executed by Murry to the plaintiff, although absolute on its face, was, in fact, a mortgage, was properly admitted, and the question whether such bill of sale was absolute or only a mortgage was properly left to the jury.

3. That while the acts of the witness Allen, the scrivener, who prepared the bill of sale, in revealing the conversation between himself and the plaintiff is not to be commended, still, we do not think that the relations between them were of such character as

to render such conversations privileged within the rule governing communications between attorney and client.

4. That there was sufficient evidence to support the verdict.

All concur.