MEYER *et al.* v. DAVENPORT ELEVATOR CO.

1. In actions at law, it is allowable only to determine on appeal whether there is substantial evidence which, with the inferances fairly deducible therefrom, go to sustain the verdict.

2. Parol testimony is admissible to show that a written instrument, purporting to be a lease merely, was intended to operate as a mortgage to secure payment of a debt.

3. In an action by a mortgagee against a purchaser of mortgaged crops for conversion, it appeared that the mortgage covered all crops to be grown during 1895 and 1896 on the mortgagor's land. In February, 1896, by instrument absolute on its face, the mortgagor leased the premises for that year to secure payment of a debt due the lessee. The mortgagor continued in possession of the premises as before, furnishing his own teams, implements, and help necessary to cultivate, harvest, and market the crop. The lease was not recorded until long after the crop had been received and paid for by the defendant, who had actual notice of the mortgage before taking or paying for the crop, but had no knowledge of the lease. *Held,* that defendant was not a bona fide purchaser for value without notice, and that the mortgagee was therefore entitled to recover.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action by Theodore Meyer and another against the Davenport Elevator Company to recover the value of certain wheat. From a judgment for plaintiffs and an order overruling a motion for a new trial, defendant appeals. Affirmed.

*Alexander & Hooker,* for appellant.

*Cheever & Hall,* for respondents.

FULLER, J. This appeal is from a judgment and an order overruling a motion for a new trial entered in an action for the value of some wheat covered, it is claimed, by a chattel mortgage and converted by the defendant. The facts and circumstances, either admitted, or appearing from competent testimony properly submitted to the jury, and sufficient to sustain a verdict, by which they stand proved, are these: On the 7th day of March, 1895, to secure his promissory note of even date, George Schnellar executed to respondents a chattel mortgage, which was duly filed, covering all crops to be grown and har-

vested during the years 1895 and 1896 on his land therein described. On the 11th day of February, 1896, by an instrument absolute on its face, he leased the same premises, for one year from the 1st day of December preceding, to O. T. Grattan to secure the payment of an existing indebtedness, and this lease was not filed for record until the 12th day of March, 1897. The grain in controversy, which was part of the crop sown, grown, and harvested during the year 1696 on the land described in the instruments upon which the parties rely, respectively, was delivered to appellant at its elevator in the month of September of that year; whereupon its buyer and manager, having both actual and constructive notice of the existence of respondents' mortgage, refused to surrender to them the grain or its proceeds, and latterly paid the full market value thereof to Grattan, upon the assurance "that he would see him out, or something to that effect." Although advised that Grattan claimed an interest in the property, there is in the record no intimation that appellant had any knowledge of the unrecorded lease or the debt to secure the payment of which it was executed and delivered.

Our conclusion that the testimony, though conflicting, is sufficient to justify the finding of the jury that the parties to the lease thereby intended to secure the payment of a debt, is reached after carefully considering all the facts and circumstances disclosed by the record, and we deem it unnecessary to present the evidence in this opinion. In actions at law it is allowable only to determine on appeal whether there is substantial evidence which, with the inferences fairly deducible therefrom, go to sustain the finding of a jury, and, if so, its verdict must stand. Evert v. Kleimenhagen, 6 S. D. 221, 60 N. W.

851, Tootle v. Petrie, 8 S. D. 19, 65 N. W. 43; Bennett v. Railway Co,, 8 S. D. 394, 66 N W. 934. It is equally well settled that parol testimony is admissible to show that a written instrument, purporting upon its face to be a lease merely, was intended to operate as a mortgage to secure the payment of a debt, and the question, in cases like the present, is for the jury to determine, under proper instructions, which were in this instance given. O'Neill v. Murry, 6 Dak. 107, 50 N. W. 619; Dobbs v. Kellogg, (Wis.) 10 N. W. 623; Lamson v. Moffat, (Wis.) 21 N. W. 62; McAnnulty v. Seick, 59 Iowa, 586, 13 N. W. 743; Fuller v Parish, 3 Mich. 211; King v. Greaves, 51 Mo. App. 534.

Mr. Grattan permitted Schnellar to continue, just as before, in actual possession of the premises, furnishing his own teams, farm implements, and help necessary to produce, harvest and market the crop. Moreover, his lease was not recorded until long after appellant had received the grain, and upon demand refused to recognize the right of respondents under their mortgage, of which it had full knowledge, even before it took the grain into its elevator or paid anything therefor. Had appellant been misled by reposing trust and confidence in the lease, believing it to be just what it purports to be on its face, and, by entertaining an honest conviction that Grattan was, by reason thereof, the absolute owner of the grain, parted with its money, it might assume the attitude of a bona fide purchaser for value without notice; but such is not this case. On the contrary, the evidence tends to justify the inference that it never knew anything about the nature of Grattan's claim, much less the existence of a lease under which a claim of ownership might be asserted. The grain was hauled to the

elevator by neighbors employed by the mortgagor at a time when appellant was in actual possession of notice clearly suffic- ient to necessitate further inquiry upon the part of a prudent person, and it is therefore in no condition to complain. Comp. Laws, § 4743; Morgan's Assignee v. Shinn, 15 Wall. 105. It follows from the views herein expressed that the rulings of the court below, together with its instructions, are correct, and the judgment appealed from is affirmed.