## SCHOTT v. SWAN.

Allowing plaintiff to introduce evidence on an uncontested point after he had rested his case was harmless error.

Witnesses may be called in rebuttal, in the discretion of the trial court, whose testimony is in support of that given in chief.

To weigh and reconcile conflicting testimony is the province of the jury, and the only question to be determined on appeal is whether, independently of the evidence of the adverse party, there is evidence to sustain the verdict.

Where a car load of wheat purchased by defendant was not weighed at the shipping point, but was weighed en route on railroad scales in the usual manner, the weights as determined by the railroad scales were the best evidence of the weight of the wheat, and were admissible.

In an action to recover a balance due on the purchase price of wheat sold to defendant, the evidence examined, and **held** to sustain a verdict for plaintiff for the full amount of his claim.

(Opinion filed, February 5, 1908.)

Appeal from Circuit Court, Marshall County. Hon. J. H. McCoy, Judge.

Action by John P. Schott against E. C. Swan. From an order denying a new trial defendant appeals. Affirmed.

*Byron Abbott,* for appellant. *Taubman, Williamson, & Herreid,* for respondent.

FULLER, J.  This action was to recover a balance of $108.04 alleged to be due on the purchase price of two car loads of wheat, and the sufficiency of the evidence to sustain a verdict in favor of respondent for the full amount claimed is the principal point to be determined on this appeal from an order denying appellant's motion for a new trial.

Both parties to the action are dealers in grain, and in the spring of 1905 appellant purchased the two car loads of wheat at respondent's elevator in the town of Zeeland, N. D., to be shipped to Britton, in this state, where it was afterwards sold to farmers for the purpose of seeding.  There being no controversy as to car No. 15152, or the amount of wheat contained therein, it was not prejudicial to permit respondent, after resting his case, to prove the net weight of the wheat loaded into that car, and there is no merit in the contention that a reversal must follow because such testimony did not tend to rebut, deny, or explain anything put in evidence by appellant.  It is within judicial discretion to allow witnesses to be called in rebuttal whose testimony is in support of that given in chief, and the practice is so uniformly sanctioned that the citation of supporting authority is deemed unnecessary. Apparently by inadvertence, the wheat shipped in the other car, being No. 64510, was not weighed at the time of loading, but by direction of respondent it was weighed at Aberdeen while in transit from Zeeland to Britton, and the testimony of the weigher, Charles Leidtke, with reference to the matter is as follows: "I reside at Aberdeen.  Am the weighmaster for the Chicago, Milwaukee & St. Paul Company at Aberdeen.  My duties are to make up trains, switch and weigh cars that should be weighed.  In the month of March, 1905, I weighed a car of wheat shipped from Zeeland to Britton, car No. 64510.  The clerk in the office made the record.  I did not examine those weights afterward to know whether they were correctly recorded.  I have a record of these weights kept in a book for the purpose.  The entry in the record is marked, 'Car 64510 weighed bulk weight, shipped from Zeeland to Britton, 92,600 pounds tare 28,600, net 64,000 pounds.'   That record is correct. * * * Gross weight is the car and its contents. Tare weight is the weight of the car when empty. Net

weight is what the car contains after the tare is sub-
tracted from the gross weight. Net weight indicates the
contents of the car." On cross-examination the witness testi-
fied, in substance, that his scales balanced perfectly on that day
and the correct weight of the wheat was obtained by deducting
from the gross or bulk weight the weight of the empty car as in-
dicated in figures painted at the shops on both its sides when the
same was constructed or repaired, and that the car was not weighed
by him after the 1,066 bushels of wheat were unloaded at Britton.
As the weighing capacity of his scales was but 81,000 pounds, he
testified that, under instructions from the Western Weighing As-
sociation, he weighed the car at each end by placing exactly one-
half of it on the scales at a time, and that by such customary method
he obtained the correct weight of the car and contents. After stat-
ing that his conclusion as to the correctness of the figures painted
on the sides of the car to show its weight when empty was based
upon the fact that it was weighed by a competent person, the wit-
ness was further cross-examined, and testified as follows: "Q
How do you know he is competent? A. There is nobody allowed
to weigh cars without he is a sworn weigher. Q. Do you mean
to tell me that you know of your own knowledge that the weigher
of these cars was sworn by the builders before they were allowed
to weigh these very cars? A. Nobody's weight is taken as correct
without they belong to this Western Weighing Association, and
are a sworn weighmaster. Q. Who swears them? A. I think a
notary public. Q. Do you know of your own knowledge that the
man who weighed each of these cars was sworn before he weighed
these cars? A. No; I do not." While his testimony that the car
contained 1,066 bushels of wheat is corroborated by respondent,
it was shown that the weighing at Aberdeen was his only source
of information; but it is conceded that when the shipment reached
Britton the seals on the doors were unbroken, and there was no
perceptible defect in the car, nor evidence of leakage. Appellant
testified that he weighed the wheat on his platform scales by the
wagon load as it was purchased by farmers and hauled into the
country for seed, and there were but 1,026 bushels in the car
instead of 1,066 bushels, as claimed by respondent.

The exact contention of counsel for appellant is "that the defective manner in which the car was weighed presented no reliable estimate of its contents, and for this reason the verdict should be set aside." The admissibility of the evidence offered on respondent's behalf was not challenged by an objection at the trial, nor was his right to have it submitted to the jury questioned by a motion for a directed verdict in favor of appellant. Although respondent's method of weighing the car and ascertaining the number of bushels of wheat may not be entirely reliable, we are concluded, if the evidence offered in his behalf, considered apart from appellant's uncorroborated testimony, reasonably tends to support the verdict. To weigh and to reconcile conflicting testimony is the special province of the jury, and the only question to be determined on appeal is whether, independently of the case made by the adverse party, there is evidence to sustain the verdict. · Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Evert v. Kleimenhagen, 6 S. D. 221, 60 N. W. 851; Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687; Richison v. Mead, 11 S. D. 639, 80 N. W. 131; Studebaker Bros. Mfg. Co. v. Zollars, 12 S. D. 296, 81 N. W. 292; Weiss v. Evans, 13 S. D. 185, 82 N. W. 388. As the best evidence of which the case in its nature was susceptible, the opinion of a stockman as to the number and aggregate weight of a drove of cattle on the open range has been considered competent testimony for the jury to weigh and determine, and in the case of Missouri Pac. Ry. Co. v. Hall, 66 Fed. 868, 14 C. C. A. 153, it was held that an experienced shipper of beef cattle may testify as to their probable shrinkage in weight in a given time under given circumstances by unreasonable delay in transportation, although he has never seen the cattle. Were appellant's testimony that the sworn weighmaster of the railway company was in error to the extent of 40 bushels of wheat undisputed and to be accepted as a verity, a verdict could not have been directed in his favor, for the reason that there was a sharp conflict in the evidence as to the amount of dockage per bushel agreed upon by the parties. Both the weight of the car and the weight of the wheat was determined by the railway company in its usual and customary manner, and this was the best evidence within the power of respondent to pro-

duce after the car was loaded and the shipment had passed by an oversight beyond his reach without being weighed.

Upon the law and the facts, it must be held that the verdict is sufficiently sustained, and the order denying a new trial is affirmed.