STATE, Respondent, v. LAHMAN.

(178 N. W. 984.)

(File No. 4651.   Opinion filed August 25, 1920.)

1.   Criminal Law—Larceny—Defendant's Locus Uncertain Under State's Evidence, Co-defendant's Testimony of Locus, as Rebuttal, Competency Of—Circuit Court Rule Re "Furtherance of Justice" Construed.

After state had rested its case in a prosecution for larceny, the evidence as to defendant's commission of the crime being circumstantial, his whereabouts on day of theft being undis-

closed, the state may properly educe the testimony of a co-defendant in rebuttal, showing defendant's presence at the locus in quo at time of larceny; such rebuttal testimony having been unknown to state's attorney until evening before date of giving such testimony, the co-defendant having plead not guilty and having denied his guilt at preliminary examination; and state might assume at conclusion of testimony in chief that co-defendant's testimony would not favor state. Such testimony was properly admitted under Trial Court Rule 23 (f,) providing for admission of rebuttal evidence unless the court, for good reason, in furtherance of justice, permit parties to offer evidence upon their original case.

2. **Appeals—Error—Non-assignment of Error, Non-consideration of Point.**

There being no assignments of error in the appeal record, the assignment in question is not properly before Supreme Court.

3. **Trials—Evidence—Misconduct of State's Attorney, Telling Jury Witness "Told Me"—Court's Admonition as Curing Error.**

State's attorney, in argument after close of evidence, stated to jury that a witness "told on the stand, as he told me, that the defendant offered him money to come here and testify;" whereupon, after defendant's objection thereto, trial court admonished jury that anything such witness said to counsel would be incompetent. **Held,** that while such statement to jury was improper and censurable, the court's admonition cured the error.

4. **Criminal Law—Evidence—That Defendant Was Incarcerated When Taken by Deputy, Competency.**

The testimony of a deputy sheriff that defendant was in jail at M in an adjoining state when taken in his charge, was properly admitted in behalf of the state, he having further testified that defendant was then turned over to him; the inference being that defendant was in custody at M under the present charge. So **held,** against objection that the evidence was offered for sole purpose of prejudicing defendant before jury.·

Whiting, J., not sitting.

Appeal from Circuit Court, Brown County. Hon. Frank Anderson, Judge.

The defendant, Fred Lahman, was convicted of the crime of larceny of an automobile, and he appeals. Affirmed.

*Campbell & Walton,* for Appellant.

*Byron S. Payne,* Attorney General, and *V. R. Sickel,* Assistant Attorney General, for Respondent.

(1) To point one of the opinion, Appellant cited: Oldham v. Commonwealth (Ky.) 13 Am. Crim. reports 615; 58 S. W.

418; Kelley v. State (Mich.) 71 N. W. 299; State v. King, 9 S. D. 628.

Respondent cited: People v. Koerner, (N. Y.) 48 N. E. 730.

GATES, J. Defendant was convicted of the theft of an automobile under an information charging it to have been committed by defendant and John Lahman. This defendant was tried separately. From a judgment and order denying new trial defendant appeals.

[1] Three propositions only are urged on this appeal. The first and principal ground of error is that the trial court erred in admitting improper rebuttal evidence. After the defendant had rested the state called and examined the codefendant as a witness for the prosecution. It is urged that the testimony of this witness was properly evidence in chief and did not possess the character of rebuttal evidence, and that under Trial Court rule 23(f) it should not have been admitted, because it was not shown that it was received "for good reason, in furtherance of justice." When the state rested, the evidence connecting the defendant with the commission of the crime was purely circumstantial. His whereabouts on the day of the theft had not been disclosed. The defendant then took the stand and gave testimony as to his doings on that day, showing that he and his cousin John, the co-defendant, were both at Aberdeen on the day and at about the hour and near the place where the car was stolen. He and other witnesses gave further evidence tending to show that it was his co-defendant that stole the car. Upon objection being made to the giving of testimony by John Lahman, the state's attorney stated to the court that this witness was unknown to him as a witness until the evening before, and stated the reasons why this evidence was in his opinion, admissible at that time, and offered to prepare and file his affidavit if necessary. The court ruled that the evidence was rebuttal evidence and overruled the defendant's objections. We think the testimony of this witness was rebuttal testimony, but, even if it was not, there is nothing in the case to show that the state's attorney should have known that the testimony of this witness was available to the prosecution. John Lahman was a codefendant. He had pleaded not guilty. He had not been tried. He could not be compelled to testify. Without any intimation to the contrary, the state's attorney was justified in assuming, at the

conclusion of the testimony in chief, that John Lahman would not give evidence favorable to the state. He had denied his guilt, and at the preliminary examination he had denied being in Aberdeen on the day of the theft. We think the court did not err in allowing the testimony of John Lahman to be given. People v. Koerner, 154 N. Y. 355, 48 N. E. 730.

[2] The assignment of error charging misconduct of the state's attorney in argument to the jury is as follows:

"The court erred in failing and neglecting to admonish the jury when the following remarks were made by the state's attorney in his argument to the jury at the close of all the evidence, in which he stated, 'This young man Weidenbach told on the stand,' as he told me, that the defendant offered him money to come here and testify;' and to these remarks objection was made by counsel for the defendant, in that it is an abuse of the right of argument for counsel to state in his argument what the witness has told him.

"By the Court: Anything which the witness said to counsel would not be competent."

Nowhere in the printed record on appeal can any portion of the settled record be found upon which this assignment is based. The assignment is therefore not properly before us, but if we should consider it we would not be able to discover prejudicial error. Of course it was improper and censurable for the state's attorney to say the words "as he told me." We think, however, that the court in its admonition to the jury cured the error.

[3] The final proposition urged is that the court erred in permitting the deputy sheriff of Brown county to testify that defendant was in jail at Mankato, Minn., at the time he was taken in charge by the deputy. It is urged that such evidence was offered for the sole purpose of prejudicing defendant before the jury; that it tended to discredit him and was calculated to lead the jury to infer that defendant was a professional criminal, habitually in the toils of the law because of criminal acts. The deputy further further testified that defendant was then turned over to him. We cannot draw any inference from the testimony except that defendant was in custody at Mankato under the charge in this case. It is scarcely probable that if he was in jail for another offense the

sheriff at Mankato would have delivered him to the deputy sheriff of Brown county. We can discover no prejudice in this ruling. The judgment and order appealed from are affirmed.

WHITING, J.,not sitting.