STATE OF SOUTH DAKOTA, Respondent, v. MEHLHAFF, Appellant

(29 N. W.2d 78.)

(File No. 8876. Opinion filed October 13, 1947.)

**Wm. Ochsner,** of Wessington Springs, and **Max Royhl** and **George E. Longstaff,** both of Huron, for Appellant.

**Sigurd Anderson,** Atty. Gen., **Charles P. Warren,** Asst. Atty. Gen., and **Charles R. Hatch,** State's Atty., Jerauld County, of Wessington Springs, for Respondent.

SICKEL, P.J. The state's attorney of Jerauld county filed an information charging Ernest Mehlhaff with the larceny of fifty-five bushels of barley of the value of $67.10. Defendant pleaded not guilty The jury found the defendant guilty as charged in the information, and defendant has appealed.

One of appellant's assignments of error relates to search and seizure. Adolph Heuther owned a half section of land in Jerauld county near Alpena upon which he lived. He also owned another half section of land which was located about a mile north and across the road, and upon which was situated an unoccupied house, barn and double granary. Heuther farmed this land and was in possession of it during the years 1945 and 1946. He raised some barley on this farm and stored it in the granary, and it was a part of this barley which the defendant was charged with taking. On April 16, the morning after the barley was taken, Heuther went to Wessington Springs, and obtained a warrant for Mehlhaff's arrest. This warrant was delivered to Hemmelman, the sheriff, who with Heuther drove to Mehlhaff's farm nearly two miles north of the place where the barley was stored. The sheriff testified that he saw defendant's car and trailer in the yard; that the trailer was standing halfway between the barn and the house; that he saw some two-row barley in the corners of the trailer box; that defendant was then in the barn; that there was a grain bin and feedbox just inside the barn door; that on the ground just inside the barn was piled some oats and two-row barley. Defendant objected to this testimony on the ground that it was incompetent, and that it amounted to an unlawful search of his property. These objections were overruled and the rulings have been assigned as error.

■ The right of the people to be secure against unreasonable searches and seizures is protected by the Fourth Amendment to the United States Constitution and by Article VI, § 11, of the Constitution of South Dakota. No person

may be compelled in any criminal case to be a witness against himself. Fifth Amendment to the United States Constitution and Article VI, § 9, South Dakota Constitution. However these constitutional guaranties have no application to the right of officers to search the place of arrest and seize such property as is connected with the crime charged, without a search warrant. Such right is incidental to a lawful arrest, and may extend to the premises or surroundings under defendant's immediate control. Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231; State v. George, 32 Wyo. 223, 231 P. 683; 56 C. J., Searches and Seizures, § § 30 and 93; Annotations: 51 A. L. R. 424, 74 A. L. R. 1387, 82 A. L. R. 782.

■ Hemmelman, the sheriff, went to defendant's farm on the morning of April 16 with a warrant for the arrest of defendant. He found the defendant at home and the arrest was made at that time and place. While there the sheriff made the observations referred to above in regard to barley which he found in the trailer and in the barn. These observations related to facts which were under the control of defendant and which were subject to use in proving the offense with which the defendant was charged. If these observations may be rightfully regarded as a "search", and even though the sheriff had no search warrant at the time still such search was incidental to the arrest, and it did not extend beyond premises and surroundings which were then under the immediate control of defendant. We find no error in admitting the testimony of the sheriff, Hemmelman, regarding the barley found on defendant's premises.

■ Hemmelman, the sheriff, testified that he saw fresh tracks indicating that a car and trailer had turned around on the intersection east of Heuther's place. He did not identify these tracks as tracks made by defendant's vehicle, and we fail to see how the defendant could have been prejudiced by this testimony.

■ Heuther also testified in regard to car and trailer tracks. He stated that on the morning of April 16 he rode in the sheriff's car and saw the tracks of a car and trailer

going north on the highway, through the gate and into the farmyard, through the driveway of the granary where the barley was stored, and back to the highway; that he followed those tracks north upon the highway, into defendant's yard and over toward the barn; that defendant's car and trailer were in the yard; that he remained in the sheriff's car and rode away with him. This testimony was received at the trial over defendant's objection. Defendant says: "No attempt was made by the State to identify the tracks as similar or identical with the tracks of the defendant's automobile and trailer." Evidence relating to the identity of the defendant as the person who committed the crime charged is permitted to take a broad range. 22 C. J. S., Criminal Law, § 616, subsec. b(1). "Any fact that legitimately tended to connect appellant with the commission of the crime was admissible." Foreman v. State, 214 Ind. 79, 14 N. E.2d 546, 648. Dale Starr, a neighbor, testified that he saw a car and trailer which he believed was the property of defendant, drive past his place, come back shortly, drive to the Heuther yard and to the granary. He saw the trailer loaded with grain and saw it driven out of the yard and north on the highway. Tracks made by a car and trailer were found the next morning by Heuther upon the ground where the larceny was committed and were traced by him into defendant's farmyard. The evidence of Heuther was, therefore, admissible "as a circumstance tending in some degree to connect appellant with the offense * * * regardless of any ascertained or determined similarity" between the tracks traced by Heuther and tracks made by defendant's car and trailer. Parker v. State, 46 Tex. Cr. R. 461, 80 S. W. 1008, 1010, 108 Am. St. Rep. 1021, 3 Ann. Cas. 893.

■ The sheriff also identified samples of barley taken from Heuther's granary and which were received in evidence over defendant's objections. This evidence proved nothing more than the kind of barley in Heuther's bin, but it was material for comparison with barley seen by other witnesses at defendant's farm.

■ Heuther also testified on redirect examination that after April 16 the sheriff returned to him some barley ob-

tained from defendant's place. Objection to this testimony was overruled. That testimony was only a repetition on what had been previously brought out on defendant's cross-examination of the same witness.

■ Appellant also claims that the circuit court erred in admitting the testimony of Helmuth Mettler and Adolph Wahl to the effect that they were on defendant's farm and saw barley in a bin in the barn, and in the trailer standing in the yard; that these facts were uncovered and disclosed to them by the sheriff during an illegal search, and that the admission of this testimony was a violation of Art. VI, § 11, South Dakota Constitution, which prohibits unreasonable searches and seizures, and Art. VI, § 9, which provides that no person may be compelled in any criminal case to give evidence against himself. It appears from the evidence that on the evening of April 16 a search warrant was issued and delivered to the sheriff authorizing the search of defendant's farm; that the sheriff made the search at that time. The evidence also shows that on the same evening defendant invited Mettler, Wahl and others out to his place to see that no barley was there. These witnesses with others including defendant and his attorney rode to the farm in Wahl's car. Mettler testified that he saw the trailer in the yard east of the house and on examining it found kernels of two-row Spartan barley in the box; that the box was shaken and some of the barley fell to the ground. He also testified that he saw the sheriff there; that he went to the barn and to the feedbin inside the door; that in the bin was the same kind of barley as in the trailer, covered with about two inches of oats; that the sheriff showed him what he saw there. Wahl testified that when they reached the farm one of the men asked the sheriff where the barley was and that the sheriff responded that he would show them; that they then went to the barn to the bin just inside the door; that he, Wahl, reached down into the bin and brought up a handful of barley from under the oats. To constitute an unreasonable search under S. D. Const. Art. VI, § 11, two facts are essential in this case, namely: 1, entry by the witnesses upon defendant's property, and their presence there

must have been unlawful; 2, discovery of the facts to which the witnesses testified must have been unlawful. Cohen v. United States, 3 Cir., 1929, 36 F.2d 461, certiorari denied 281 U. S. 742, 50 S. Ct. 348, 74 L. Ed. 1156. Mettler and Wahl visited defendant's farm, on defendant's express invitation, for the purpose of searching the place and establishing that defendant had no barley there. They did not enter upon defendant's land under authority of the search warrant. There is no evidence to show that either of these witnesses knew before going upon defendant's premises that a search warrant had been issued, or that the sheriff was searching the premises. Their entry upon defendant's property was, therefore, lawful. The evidence also shows that the witnesses discovered the barley because of the invitation of defendant, not as members of the sheriff's searching party. We, therefore, conclude that the court did not err in admitting the testimony of the witnesses Mettler and Wahl. In view of this conclusion no question of self-incrimination is presented.

All additional assignments have been considered. Some are necessarily disposed of by the conclusions herein expressed, and the others are found to be without merit.

Judgment affirmed.