STATE, Respondent v. HARVEY, Appellant

(167 N.W.2d 161)

(File No. 10608. Opinion filed April 22, 1969)

**James Zieser,** Asst. Atty. Gen., **(Frank L. Farrar,** Atty. Gen., and **Donald Erickson,** Asst. Atty. Gen., on the brief), for plaintiff and respondent.

**Ken C. Graves,** Rapid City, for defendant and appellant.

BIEGELMEIER, Presiding Judge.

Defendant was found guilty of grand larceny in violation of SDC 13.3801. The evidence showed a Chevrolet automobile, rebuilt for drag racing, was stolen November 23, 1967, and a few days later found in an abandoned garage stripped of its wheels, tires and engine and other parts. On December 2nd some of these parts consisting of racing tires and magnesium wheels were found in defendant's possession while he was on his way to Minneapolis to sell them. He testified he had received these parts on December 1st in exchange for an engine as a result of a talk the night of November 27th or 28th with a man who had these parts for sale or trade and for which, after some dickering, defendant offered to trade a 1960 Model Chevrolet V-8 engine he had; they then arranged to meet a few days later as defendant told this man he had the engine in a shed in a nearby town. The sole question presented is whether the trial court committed error in permitting Wayne Jones, who was in the business of buying and selling parts for racing cars, to testify in rebuttal of a conversation with defendant about midnight November 28th. Jones testified defendant wanted to trade

some car parts for an engine and "I asked what he was going to do with this engine that we were swapping these parts, and he said that he was going to put it in his car because he didn't have an engine for his car."

 Defendant does not appear to contend that if the rebuttal testimony did contradict or impeach defendant's testimony that it would be error to admit it, but advances two arguments thereon. First it is contended defendant did not testify to anything to which the Jones testimony was rebuttal and that the evidence may only have been admissible as part of the State's case in chief. However, a recital of the evidence indicates defendant's testimony was he traded an engine for the stolen car parts and at about the same time told witness Jones that he had no engine. It is proper to admit such rebuttal testimony to meet new facts put in by a defendant as a matter of right.[1] Wigmore on Evidence, 3d Ed., § 1873, pp. 510-517; State v. Alexander, 78 Wyo. 324, 324 P.2d 831. This is in denial of the affirmative fact which defendant has attempted to prove.[2] Statements of an accused in a criminal case made as a witness in his own behalf may be contradicted by evidence in rebuttal showing former admissions or statements inconsistent therewith. 29 Am.Jur.2d, Evidence, § 269, and on impeachment generally see McCormick on Evidence, §§ 34, 47. We conclude the evidence was clearly rebuttal in character and properly admitted. Alternately a claim is made the Jones evidence was not proper rebuttal contending that it does not impeach defendant's testimony but instead "tends to corroborate his testimony." If that were so this testimony could only aid defendant and it would not prejudice him.

The judgment is affirmed.

All the Judges concur.

---

1. The rebuttal testimony being admissible as a matter of right does not necessitate reliance on cases declaring the order in which testimony may be introduced is largely within the discretion of the trial court and this would apply to evidence admissible in chief or rebuttal. See Schott v. Swan, 21 S.D. 639, 114 N.W. 1005, a civil action; State v. Lahman, 43 S.D. 285, 178 N.W. 984 and State v. Burmeister, 65 S.D. 600, 277 N.W. 30, criminal actions.

2. Rebuttal of alibi evidence held admissible in State v. Jackson, 336 Mo. 1069, 83 S.W.2d 87, 103 A.L.R. 339.