## STATE, Respondent v. HARVEY, Appellant

### (179 N.W.2d 723)

(File No. 10744.  Opinion filed September 29, 1970)

R. James Zieser, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Gordon Mydland, Atty. Gen., on the brief.

Horace R. Jackson, Rapid City, for defendant and appellant.

BIEGELMEIER, Judge.

Defendant was charged and found guilty by a jury of burglary in the third degree and appeals from the judgment and sentence in the state penitentiary entered thereon.  The assignments of error and arguments in the briefs are based on

defendant's claim the trial court erred in overruling a motion to strike testimony with regard to footprints for the reason stated no foundation or relevancy and they were immaterial.

One witness for the state, Richard Klappel a student at the School of Mines, testified he was reading a technical magazine in his room at the Holiday Motel about 1:55 a. m. when he heard someone go down the hall and up a stairway; he then heard the sound of metal against metal from the lounge area where a pop machine was located. He quietly went upstairs and saw defendant with a screwdriver and iron rod in one hand and the cash box of the pop machine in the other. He asked defendant what he was doing and defendant mumbled he was hard up. When the witness walked over to the other corner of the lounge and called the manager, defendant left by a nearby back or east door which led to an alley. The witness did not remember the defendant's name at first, but did recognize him as a man he had seen in the motel some time before.

The weather was cold and a light snow had fallen earlier and there was some evidence of footprints in the snow outside of this back door. Defendant did not testify* but two witnesses gave evidence on his behalf of his presence in a cafe and his room at the Avanti Motel three blocks away about the time of the alleged burglary which the jury chose not to believe. Defendant attacks the evidence of footprints as there was no evidence the tracks resembled defendant's footprints and no casts were made of them. The briefs indicate the parties are not in agreement as to the evidence and the inferences that may be drawn from it, and argument is made based on their views of the evidence.

Defendant asserts the footprint evidence was prejudicial as he claims the footprints were lost some distance from the Avanti Motel where defendant was rooming and the evidence of state's witness, Klappel, that defendant was the

---

*Defendant's trial counsel advised defendant not to testify as defendant had been previously convicted of a felony (affirmed, State v. Harvey, 84 S.D. 70, 167 N.W.2d 161) which might be shown on his cross-examination.

thief who broke in the pop machine was impeached and inconsistent with his two alibi witnesses.

█ At the trial defendant had an attorney other than the counsel who appears for him on the appeal. Trial counsel's motion to strike the footprint evidence is two-fold— "no proper foundation" and that "they are immaterial". If by this it is claimed the footprints were not identified as made by defendant then, as the court said in State v. Mehlhaff, 72 S.D. 17, 29 N.W.2d 78, as to car tracks seen by the sheriff, "we fail to see how the defendant could have been prejudiced by this testimony."

█ The record shows some difference in the evidence as to the footprints. Officer Hemstock's testimony at one place was that he, with two other persons, followed footprints from the east door of the Holiday Motel to a place on a bridge 100 feet from the Avanti Motel where he said they lost them; on cross-examination by defendant's counsel he testified he followed the footsteps to the Avanti Motel. Officer Smith testified he left the motel lobby, went around the east side of the building and "followed footsteps, which led away from the east side of the building, to the Avanti Motel." The evidence of the footprints was admissible as a circumstance tending in some degree to connect defendant with the offense regardless of any ascertained or determined similarity. State v. Mehlhaff, 72 S.D. 17, 29 N.W.2d 78, held similar evidence admissible without positive proof of defendant's presence. Here positive identification was made of defendant by a witness, and as to the footprints in the fresh snow which led from the door defendant left at the Holiday Motel to his motel, the evidence was admissible. It is urged that the word "to" the motel is a verbal error and it "may be 'toward' ". The record settled by the court includes the transcript of the testimony heard by the jury at the trial as noted above and we are bound by it. Cf. State v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561.

█ Finally it is urged the admission of the footprint evidence is erroneous because of the evidence of impeachment of witness Klappel. Klappel identified defendant as the man who was holding the burglar tools and cash box.

He was asked if he told Officer Hemstock that it looked like a person who used to live with Bill Harvey, to which he answered, "No". Defense counsel then asked Officer Hemstock if Klappel said that and Hemstock testified he did. Immediately thereafter defense counsel then impeached Hemstock by showing he had testified at an earlier trial that Hemstock had suggested Harvey's name to Klappel, while at this trial he denied he had done so. Defendant's counsel admits the issue for the jury lay between the credibility of the state's witnesses and defendant's alibi witnesses. Our cases are in accord for they are harmonious in holding the credibility of the witnesses and the weight and value of their testimony are matters exclusively within the province of the jury. State v. Lutheran, 76 S.D. 561, 82 N.W.2d 507; State v. Burtts, 81 S.D. 150, 132 N.W.2d 209; State v. Weinandt, 84 S.D. 322, 171 N.W.2d 73.

Affirmed.

All the Judges concur.