## JEANSCH V. LEWIS *et al.*

1. Where an action is being prosecuted against two defendants as copartners, and no question is raised as to the liability of one independently of the other, and where it was stspulated at the commencement of the trial, after dismissing as to a third defendant, ."that the action proceed" against the other two "as copartners under the firm name of Lewis Bros.," *held*, that a verdict in favor of plaintiff "and against the defendant," etc., was properly construed by the court as a verdict against the two, or the firm, and a judgment entered against both defendants upon it was valid, and the ommission of the letter "s" in defendant was a mere clerical error.

2. Verdicts are to receive a reasonable construction, and as such will carry out the intention of the jury; and where, as in this case, the intention of the jury was clear to the court, it was its duty to disregard a merely clerical error, which it would at once have corrected had its attention been called to it.

3. Where a motion for a new trial was argued and submitted to the judge of the territorial court who tried the cause, but no order or record of any decision was made, and the motion was brought up before a state circut judge who succeeded him, *held*, the circuit judge properly received evidence showing such territorial judge had actually overruled the motion. BENNETT, J., dissenting.

4. *Held, further.* that a motion once heard and decided by a court cannot be renewed in the same court upon the same facts without leave of court, and that this rule applies as well to cases where there has been a change of judges as where the motion is made before the same judge. BENNETT, J., dissenting.

5. *Held, further,* that the circuit judge, being satisfied from the evidence introduced before him without objection that the territorial judge who tried the case had decided the motion for a new trial, and overruled it, though no order was signed or record made of it, very properly refused to hear it again. BENNETT, J., dissenting.

6. Where. in a case tried before a jury, the evidence is conflicting, this court will not weigh the evidence, or go further than to determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict without regard to the evidence given on the part of the other party, except so far as such evidence tends to sustain his case.

7. *Held*, in this case, that there is evidence sufficient to sustain the verdict, and that the same should not be disturbed. BENNETT, J., dissenting.

(Syllabus by the court.   Argued Oct. 22, 1890. Opinion filed March 4, 1891.)

Appeal from district and circuit courts, Kingsbury county.

Action for damages to personal property alleged to have been caused by the negligence of defendant. Verdict and judgment for plaintiff. Defendant appeals. Affirmed. BENNETT, J., dissenting.

*A. P. Schenian* and *B. A. Dunlap*, for appellants.

Negligence is not to be presumed from the bare occurrence of an accident but must be proved. As there is no evidence showing negligence on the part of defendants the court erred in refusing to direct a verdict in their favor. Sikes v. Sheldon, 13 N. W. 53; Joy v. Morgan, 28 N. W. 237, Mynning v. Railroad, 26 N. W. 514; Shearman & Redfield on Neg., § 185. A verdict founded upon the mere conjecture of a jury should be set aside. Victor Mach. Co. v. Day, 14 N. W. 169; Hickey v. Railroad, 26 N. W. 112. A verdict rendered on a finding not sufficiently specific to show whether it is correct should be reversed. Crain v. Stiles, 10 N. W. 168; Holt v. Van Epps, 1 Dak. 206; Dole v. Burleigh, Id. 227; Cotzhausen v. Simon, 1 N. W, 473.

*Melville & Langley*, for respondent.

Verdicts are to have a reasonable intendment and a reasonable construction, and such as will carry out the intention of the jury. Kelsey v. Railroad, 1 S. D. 80, 46 N. W. 204; Fenn v. Blanchard, 2 Yates 553; Trust Co. v. Beville, 100 Ind. 309; Thayer v. Burgbur, Ind. 262; Daniels v. McGinnis, 97 Ind. 549.

CORSON, P. J. This is an action for damages alleged to have been caused by the negligence of defendants. The action was tried before a jury, and a verdict and judgment rendered for plaintiff. A motion for a new trial was made and overruled. From the judgment and order overruling the motion for a new trial, defendants appeal to this court. Three questions are presented by the assignment of errors, namely: (1) Does the verdict, in the form it was rendered by the jury, sustain the judgment? (2) did the circuit court err in denying the motion for a new trial without hearing the motion upon the merits? and (3) was the evidence sufficient to justify the verdict?

1. The verdict rendered by the jury is as follows: "We,

the jury in the above entitled action, find all the issues in favor of the plaintiff and against the defendant, and assess his damages at $180.00." Upon this verdict, judgment was entered against both defendants. The defect in the verdict complained of is that the jury used the word "defendant" instead of "defendants." As the action was against the two defendants as copartners, and no question was made on the trial as to their liability as copartners, if liable at all we think the omission by the jury to add the letter "s" to "defendant" was simply a clerical error that the court might properly have corrected had its attention been called to it, and was properly disregarded by the court below. The intention of the jury was clear to the court, as it was stipulated at the commencement of the trial, after dismissing as to defendant Lindner, that the action should "proceed against Knute Lewis and Ben Lewis as copartners under the firm name of Lewis Bros." There being no question, then, in the case as to the liability of one defendant independent of the other, the court properly construed the word "defendant" to mean the firm, and that such was the intention of the jury. Verdicts are to receive a reasonable construction, and such as will carry out the intention of the jury. Kelsey v. Railroad Co., 1 S. D. 80, 45 N. W. Rep. 204.

2. It appears from the record that the case was tried before the Honorable JAMES SPENCER, one of the judges of the territorial court, and that the motion for a new trial was made and argued before him while a member of that court, but that no formal order was signed by him or record made in his court showing that he had ever decided the motion. When the present state circuit judge came upon the bench, the motion was renewed before him. After several postponements, the matter came on for hearing June 17, 1890, by stipulation. At this hearing the attorney for the plaintiff read to the court certain letters from ex-Judge SPENCER and the former clerk of his court, and affidavits tending to prove that Judge SPENCER had before his retirement from the bench passed upon the motion, and denied it. Thereupon the circuit court made an order overruling the motion for a new trial, stating in said order that

it finds that the motion had been decided by Judge SPENCER, and overruled. It is contended by counsel for defendants that as the plaintiff had by his counsel stipulated "that the said motion for a new trial, and the proceedings thereon, be submitted to and argued before the circuit court," the circuit court should have heard the motion upon the merits and that it was error in that court to take into consideration the action had in the matter before Judge SPENCER. The rule is that a motion once heard and decided by a court cannot be renewed in the same court without leave of the court; and we apprehend this rule applies as well to cases where there has been a change of judges as when the motion is made before the same judge. Hence the circuit court, being the successor of the district court, and Judge ANDREWS being the successor of Judge SPENCER, the said circuit court, when satisfied that the motion had been heard and decided by Judge SPENCER, before whom the case was tried, very properly refused to hear it again. The order signed by the judge, or the records of the court, would have been the best evidence of the decision of the court; but, when it was shown that these did not exist, it was competent to establish the fact that a decision had been made by other evidence; and as the letters of Judge SPENCER and of his former clerk, and affidavits, seem to have been received without objection on the part of defendants' attorneys, there was no error in the court holding them sufficient to establish the fact, and basing its denial of the motion upon them. The stipulation was not binding upon the circuit judge, and it was within his discretion whether or not he would again hear a motion heard and determined by his predecessor on the bench; and, having so refused to hear it, we cannot say that he did not rightly exercise his discretion in the matter.

3. This brings us to the last question presented. There are three essential elements constituting plaintiff's cause of action necessary for him to establish by legal evidence to entitle him to recover, namely:

(1) The injury complained of; (2) the negligence of defendants; and (3) the damages resulting therefrom. All these

are questions of fact for the jury, and are usually to be determined by them.   An examination of the evidence discloses the fact that upon each and all of these questions plaintiff introduced evidence, and such as in our judgment authorized the jury in finding a verdict for the plaintiff.   There was, it is true, a conflict in the evidence; but this court will not weigh such conflicting evidence, or go further than to determine therefrom whether or not plaintiff has given sufficient legal evidence to sustain the verdict without regard to the evidence given on the part of the defendants, except so far as such evidence tends to sustain plaintiff's case.   The jury have the benefit of a personal examination of the witnesses, and are therefore better qualified to say what weight should be given to their testimony than this court can be.   The rule to be applied to such cases is well stated in Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. Rep. 728, as follows:   "In considering the verdict of a jury in any particular case, to determine whether or not whether it is sustained by the evidence, we are not to speculate or query how we would have viewed the evidence and testimony, or what verdict we would have rendered, had we been of the jury.   The real and only question to be solved and answered is, is there any legal evidence upon which the verdict can properly be based, and the conclusions embraced in and covered by it be fairly reached?   It is the province of the jury to weigh and pass upon the evidence; to reconcile conflicting testimony; to determine the truth or value of evidence; to ascertain and declare, from all of the evidence and testimony, the facts of the case; and from the facts, when ascertained by them, and the law as given to them by the court, to arrive at and announce their decision, which is their verdict.   And we cannot determine what specific evidence they relied upon in reaching that verdict, nor how they reconciled or adjusted conflicting evidence or testimony, nor just what they rejected or doubted, nor the precise weight or effect they gave to any particular  *  *  * item of evidence or testimony.   *  *  *   This court will, as a general rule, only ask and determine, is there any legal evidence or testimony which fairly warrants the verdict of the

jury? If there is, particularly in a case where the evidence is conflicting, the verdict will not be disturbed; and if there is not, it will be set aside." That this case was fairly submitted to the jury by the court below is apparent from the fact that no exceptions were taken by defendants to its charge to the jury. No question as to the honesty or integrity of the jury is suggested. Finding no error in the record, the judgment of the court below is affirmed.

KELLAM, J., concurring.

BENNETT, J., (*dissenting.*) I cannot agree with my brothers in the expression of the opinion as above announced, except as to the first question presented. In this I fully concur. In my opinion the court below erred in denying the motion for a new trial without hearing it upon its merits. The record in the case shows the cause was tried on the 13th day of June, 1889, and a verdict was rendered for the plaintiff, but no judgment entered. July 1st, the defendant served a notice of intion to move for a new trial, and on the 10th day of August a stay of proceedings was obtained. On the 20th of September, 1889, the parties stipulated to argue the motion for a new trial upon the ground of the insufficiency of the evidence to justify the verdict, that the verdict was contrary to law, irregularity in the proceedings on the part of plaintiff, and errors of law occurring at the trial. Neither the original record nor the abstract shows that the motion for a new trial was ever argued, entertained, or determined by the court that tried the cause. On the 30th of November the plaintiff served a statement of costs, and a notice of taxation of same, to be had on the 3d of December. On that day defendant appeared before the clerk, and objected to the taxation of costs for the reason that a motion for a new trial had not been heard or determined by the court. The taxation of costs was then continued by the clerk until the 13th of December, and, upon due consideration by him of the objections as raised by the defendant, they were sustained; but subseqently, and for what reason the record does not disclose, the clerk did, in the absence of and without notice to the defendants, tax the costs, and enter judgment

against them, and issued an execution thereon. January 7, 1890, the circuit court made an order requiring the plaintiff to show cause why the judgment should not be vacated, returnable on the 18th of that month. On the 20th of January the parties stipulated in writing that the matter should be continued until the 30th. On that day it was again continued until the 15th of March, and on that day continued until the 29th of March, and on that continued until April 22d, and on that day continued until June 17th; at all these times the defendants appearing, and anxious for the matter to be heard and disposed of by the court. On June 3, 1890, the parties, by their respective attorneys, made the following stipulation in writing: "It is hereby stipulated and agreed by and between the above named parties in the above entitled action, by their respective attorneys, that the motion for a new trial in the above entitled action heretofore submitted to the Hon. JAMES SPENCER, judge of the district court in and for the county of Kingsbury, Territory of Dakota, now State of South Dakota, and in which said judge has failed to sign an order either granting or denying the said motion, that the said motion for a new trial, and the proceedings thereon, be submitted and argued before the circuit court to be held at the court house in the city of De Smet, in and for the county of Kingsbury, State of South Dakota, on the 17th day of June, 1890, at the hour of the opening of said court, or as soon thereafter as counsel can be heard." On the 17th day of June the motion for a new trial was taken up, and the plaintiff for the first time raised the question that the motion had been made, heard, and determined by overruling it, but no order had been executed, signed or made a part of the record of the case; and to support this position he introduced the affidavit of his attorney, two letters from the clerk of the court, a letter from the ex-judge, and an old wrapper. Thereupon the court refused to hear and determine the motion for a new trial upon its merits, It is this refusal to hear the motion, of which the appellants complain.

From the above detailed statement of the proceedings it appears:

*First.* That the clerk of the court taxed the costs of the action against the defendants, and entered judgment without notice to them, while the motion for a new trial was pending and undetermined. The record shows that on the 20th of September a motion for a new trial was filed after due notice to the plaintiff. Here the record ends until November 30th, when the defendants were served with notice of taxation of costs, to be made December 3d. Objection was made at that time to the taxation of costs upon the express grounds that a motion for a new trial was then pending and undetermined; and on the 13th of that month the clerk sustained the objection, and refused to tax the costs, but subsequently he did tax the costs, and entered judgment against the defendants, in their absence, and without notice to them, or with their knowledge or consent. Section 5167, Comp. Laws, provides that taxation of costs can only be made upon application of the prevailing party, and only upon five days' notice being given to the other party, and. the costs must be stated in detail and verified, and a copy of these items must be served with the notice of adjustment. The un disputed facts disclosed by the record show that the costs in the case were taxed and entered in the judgment without notice to the defendants, and without their knowledge or consent; and, under the circumstances surrounding the case, they could well have presumed that no such proceedings would be entertained by the clerk, inasmuch as he previously. held that the objections interposed were valid and good. The action of the clerk was not authorized by the statute, and this irregularity on his part was made one of the grounds for a new trial; and, inasmuch as these proceedings were had subsequently to the filing of the first motion for a new trial, it was error on the part of the court to refuse to hear the motion as presented to it, even if the first motion had been heard and determined by the district court.

*Second.* The record shows that no order was ever made overruling the motion for a new trial, nor was there anything on file showing any action of the court in relation to the motion. Whether it was ever heard or argued or submitted to

the court is left to conjecture.   But an attempt was made to
substitute or make a record by the introduction of letters
from the clerk of the court and ex-judge, and affidavit of
the attorney for plaintiff.   Without impeaching the admissi-
bility or competency of such evidence to establish the record
of a court, the facts stated in these letters and affidavits fail to
show conclusively that the motion for a new trial was ever
heard or submitted to the court, except inferentially.   One of
the letters of Clerk Lawrence says:   "My recollection of the
matter is that I think there is endorsed on the wrapper one pa-
per in pencil as follows:  'Motion for new trial overruled.
J. S.'   These may not be the exact words, but it is the sense of
them."   The other letter says:   "I send the papers,    *    *    *
but I find the endorsement I referred to in pencil has been so
nearly obliterated that I cannot decipher it; in fact, there is
nothing there now to certify to."   The ex-judge says the motion
for a new trial was denied.   The affidavit of the attorney states
that the judge denied the motion for a new trial, but never
made or signed any order to that effect.   It was upon this evi-
dence that the court below in its order says "that said motion
for a new trial was made before Judge SPENCER aforesaid, and
by him overruled, but no order signed; and therefore this court
refuses to hear and determine the motion for a new trial, for
the reason aforesaid."   Even taking this evidence as compe-
tent to establish or replace a record of a court,—which is ex-
tremely doubtful,—it is entirely insufficient upon which to base
so important a matter.   The hearing and determining of a
motion for a new trial is one of the substantial rights of par-
ties before a court, and, when properly made, they have the
right to a determination and record of the same; and, in the ab-
sence of the record, only the most convincing and conclusive
proof should be admitted to establish this fact.   The granting
of a motion for a new trial is largely within the discretion of
the trial court, and, when rightly exercised, should not be dis-
turbed; but when this discretion has been exercised in an ap-
parently arbitary manner, to the detriment of the rights of
litigants, it should be reviewed.

*Third.* The record shows that on the 3d day of June both parties stipulated in writing that the motion for a new trial, previously made before the court, should be submitted and argued again. This stipulation upon the part of the parties was in the nature of a solemn agreement to submit the questions involved in the motion to the court, and a virtual acknowledgment that they had not been submitted in such a manner and form as to give to the party aggrieved his just rights before the law; and in the absence of any record of this fact it was no more than just and right that the court should have required the parties to have abided by it, and have taken up the motion and heard it, and made its determination upon the merits. The repeated postponements of the hearing of the motion, and the constant attempts of the defendants to have it entertained by the court, the loose and unsatisfactory manner in which the record of the case was kept, and the incompetent and insufficient evidence upon which the court established the previous determination of the motion for a new trial, in my opinion entitle the defendants to have the motion for a new trial heard upon its merits.