## WEISS V. EVANS.

The appellate court will not weigh conflicting evidence, or go further than to determine whether there was evidence sufficient to sustain the verdict without regard to the evidence of the adverse party.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Lake county. HON. JOSEPH W. JONES, Judge.

Action by C. H. Weiss against Louisa Evans to recover for goods sold and delivered. From a judgment for plaintiff, defendant appeals. Affirmed.

*Wm. McGrath* (*Aikens & Judge*, of counsel), for appellant.
*Murray & Porter*, for respondent.

CORSON, J. This is an action to recover for goods, wares, and merchandise alleged to have been sold and delivered by the plaintiff to the defendant. The case was tried to a jury, and, the verdict and judgment being in favor of the plaintiff, the defendant appeals to this court.

It is disclosed by the evidence that the goods were sold and delivered to the appellant's husband, and it is claimed by the appellant that the proof showing that her husband was her agent in the purchase of the goods, or that she ratified or confirmed his acts as such agent subsequent to the purchase, was insufficient to justify the verdict of the jury. The evidence was conflicting, and in such cases this court will not weigh the same, or go further than to determine therefrom whether or not there is sufficient legal evidence to sustain the verdict, without regard to the evidence given by the adverse party. Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128. In cases where there is a conflict of evidence the jury are the exclusive judges of the credibility of witnesses, and the weight to be given to their evidence; and, in order to sustain the verdict of the jury, we may assume that they believed the testimony of the witnesses who testified on behalf of the respondent, and disregarded the testimony of the witnesses on the part of the appellant. In Jeansch v. Lewis, *supra*, this court cited with approval the rule so well stated in Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728, as follows: "In considering the verdict of a jury in any particular case, to determine whether or not it is sustained by the evidence, we are not to speculate or query how we would have viewed the evidence and testimony, or what verdict we would have rendered, had we been of the jury. The real and only question to be solved and answered is, is there any legal evidence upon which the verdict can properly be based, and the conclusions embraced in and covered by it be fairly reached? It is the province of the jury to weigh and pass upon the evidence; to reconcile conflicting testimony; to determine the truth or value of evidence; to ascertain and de-

clare, from all of the evidence and testimony, the facts of the case; and from the facts, when ascertained by them, and the law as given to them by the court, to arrive at and announce their decision, which is their verdict. And we cannot determine what specific evidence they relied upon in reaching that verdict; nor how they reconciled or adjusted conflicting evidence or testimony, nor just what they rejected or doubted, nor the precise weight or effect they gave to any particuar * * * item of evidence or testimony. * * * This court will, as a general rule, only ask and determine, is there any legal evidence or testimony which fairly warrants the verdict of the jury? If there is, particularly in a case where the evidence is conflicting, the verdict will not be disturbed; and, if there is not, the verdict will be set aside." The evidence in the case at bar was fairly submitted to the jury by the court, and no exception was taken to the charge as given. The court below had an opportunity, on the motion for a new trial, to review the evidence, and the fact that upon such review it has denied the motion should have weight with the appellate court. Having presided at the trial, heard the evidence, and observed the manner in which the witnesses gave their testimony, the judge is better able to determine whether or not the verdict of the jury should stand than this court can possibly be from a review of the evidence as printed in the record. We are satisfied, from an examination of the evidence in this case, that there was sufficient evidence, if the jury believed the witnesses on the part of the respondent, to sustain the verdict. No useful purpose would be subserved by a review of the evidence in this opinion, and we shall not, therefore, attempt such a review. The judgment of the court below and the order denying a new trial are affirmed.