## WALKER V. McCAULL *et al.*

1. A complaint in an action to recover damages on the ground of negligence, which contains general allegations of negligence, is sufficient, where not attacked by motion, demurrer, or general objection to the introduction of any evidence thereunder, to authorize evidence of particular

acts of negligence, and the recovery of damages shown to have resulted from such acts.

2. The only question to be considered on appeal as to the correctness of a verdict on the evidence is whether there is legal evidence to sustain it when considered independently of the case made by the adverse party.

3. Plaintiff shipped a car load of wheat to defendants, who were commission merchants, for sale. The wheat was graded by the state inspectors, and sold by defendants, but the purchaser refused to accept it on the ground that it was damaged, and below the grade shown. Defendants notified plaintiff of such fact, and advised him that a reinspection would probably result in a lower grading. They retained it for some time on a falling market, then had it cleaned, and a portion reinspected, and sold such portion, but at a considerably lower price. The remainder they reported as unfit for market, and sold for a still lower price. Plaintiff purchased this latter portion, and had it reinspected, which resulted in giving it a grade higher than that originally given the car load. *Held*, that such evidence was sufficient to sustain a verdict finding that defendants were negligent in handling the wheat and in failing to have it promptly reinspected.
HANEY J., dissenting.

(Opinion filed August 29, 1900.)

Appeal from circuit court, McPherson county. Hon. LOR-ING E. GAFFY, Judge.

Action by Gilbert S. Walker against James L. McCaull and Douglas Webster, partners as McCaull, Webster & Co. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*Charles M. Stevens* and *James M. Brown* for appellants.

Issuable facts must be set forth by direct and positive averment, and not by way of recital, inference, argument or reasoning. 1 Estee, Pl. & Forms, 131; Stringer v. Davis, 30 Cal. 320; Valentine v. Lunt, 22 N. E. 209; Moore v. Bessie, 30 Cal. 572; Moulton v. Doran, 10 Minn. 49; Taylor v. Blake, 11 Minn. 172; Leland v. Goodfellow, 47 N. W. 591; Mayor v. Signoret,

50 Cal. 298; Byington v. Commissioner, 16 Pac. 105; Shafer v. Bear River, 4 Cal. 294; Campbell v. Jones, 38 Cal. 507; Gates v. Lane, 31 Cal. 392; McReady v. Phillips, 63 N. W. 7.

As to whether a party acted prudently, wisely or in good faith, the information on which he acted, whether true or false, is original and material evidence. 1 Greenleaf on Ev. § 101; 2 Jones on Ev. § 303; 1 Rice on Ev. 371; Hoxie v. Ins. Co. 85 Am. Dec. 240; 32 Conn. 21.

Instructions to a jury must be applicable and limited to the issues raised by the pleadings and if not so, there is reversible error. 11 Enc. Pl. & Pr. 161; Jackson v. Ackroyd, 15 Colo. 583; Williams v. Railroad, 110 Cal. 457; Miller v. Railroad, 76 Ia. 318; Munn v. Townes, 23 S. W. 1117; Railroad v. Harvey, 27 S. W. 423; Doysher v. Adams, 29 S. W. 348. An instruction is erroneous where it assumes the existence of an issue as to a fact that is not disputed. Druse v. Wheeler, 26 Mich. 189; Texas Co. v. Watson, 22 S. W. 873; Milbank v. Dennistown, 21 N. Y. 386; Wintz v. Morrison, 17 Tex. 372; Seligman v. Ten Eyck, 49 Mich. 104. The court should not instruct the jury that they may look to certain evidence as tending towards certain conclusions, or that they may look to and consider certain facts in determining a disputed question. 11 Enc. Pl. & Pr. 188; Alabama v. Sellers, 93 Ala. 9; Snider v. Burks, 84 Ala. 53; Jackson v. Robinson, 93 Ala. 157; Hussey v. State, 86 Ala. 34. Instructions grouping the facts so as to give undue prominence to some are objectionable. Sexton v. School District, 36 Pac. 1052; Railroad v. Banks 33 S. W. 627; Markel v. Mundy, 11 Neb. 213; Hurlbut v. Bosz, 23 S. W. 446.

A shipment of grain to commission merchants authorizes them to handle and sell it according to the custom and usages

of the trade at the place where sent, unless other directions are given. 3 Am. & Eng. Ency. Law, 319; Ewell, Evans on Agency, 174; Bigelow v. Walker, 58 Am. Dec. 159; Cotton v. Hiller, 52 Miss. 7; Goodnow v. Tyler, 7 Mass. 36; Roosevelt v. Doherty, 129 Miss. 301; Van Alen v. Vanderpool, 6 John. 69.

*L. T. Boucher*, for respondent.

A complaint which merely makes a defective statement of facts will be held good as against objection raised on trial. Anderson v. Alseth, 6 S. D. 566; Sherwood v. City, 73 N. W. 913; Seiberling v. Mortinson, 75 N. W. 202;

FULLER, P. J. This action to recover damages arising from the conduct of defendants with reference to a consignment of wheat was tried to a jury; and some of the facts pertinent to the points presented on this appeal from a judgment in favor of plaintiff are these: Respondent, a grain buyer residing at Eureka, in this state, shipped a car load of wheat from that point to appellants, who are engaged in the business of selling grain on commission in the city of Minneapolis, Minn. Although the car, containing 625 bushels, reached appellants promptly on the 5th day of June, they made no final disposition of the grain until the 18th day of July, when they disposed of 565 bushels at 98½ cents per bushel, and on the 8th day of August following sold the balance at 52½ cents per bushel. At the time the car reached its destination, and for a day or two thereafter, No. 2 Northern spring wheat was worth $1.23 per bushel, and upon the evidence offered in support of the charge of negligence on the part of appellants in the management and sale of the wheat the jury gave plaintiff a verdict for $178.28, being the difference between what the grain actually brought

and what it would have brought had appellants performed their duty with reference thereto. In the absence of a demurrer or objection upon the record that the complaint does not state facts sufficient to constitute a cause of action, such pleading is held sufficient as against the contention of counsel in this court. The pleader, after alleging facts showing a relation between respondent and appellants that entitles the former to the exercise of care by the latter, states in the following manner acts characterized as negligent, and which resulted in injury to respondent: "That the defendants, wholly disregarding the instructions of the plaintiff to sell immediately, and wholly disregarding their obligations and duty to the plaintiff, and disregarding the interest and rights of the plaintiff, did carelessly and negligently permit said grain to remain undisposed of for more than thirty days, to-wit, until July 18, 1898, when they sold 565 bushels thereof at ninety-eight and one-half cents per bushel, and still later sold sixty bushels thereof at fifty-two and one-half cents per bushel; that, had it not been for the unskillful and negligent manner in which the defendants managed said six hundred and twenty-five bushels of wheat, and the sale thereof, the plaintiff would have received the sum of at least one dollar and twenty-three cents per bushel therefor, or the total sum of seven hundred sixty-two dollars and sixty cents, less defendants' commission and charges, whereas the plaintiff only received therefor the sum of five hundred thirty-six dollars and fifty cents, less charges and a commission of one cent per bushel, retained by defendants, to the damage of the plaintiff in the sum of two hundred twenty six dollars and ten cents." While the complaint may be subject to criticism on the ground of uncertainty, it contains a general allegation

of damages caused by a want of requisite care, and alleges that certain of appellants' acts and omissions in the management and sale of the wheat were negligent, and resulted in injury to respondent in an amount stated. Under the Code system a general allegation that the injury specified was caused by the negligence of the defendant is sufficient to authorize evidence of the particular acts constituting such neglect or misconduct on his part, and a recovery may be had of all damages that necessarily result from such acts or omissions. In this instance, however, we go only to the extent of holding the complaint sufficient under the liberal rule of construction that prevails when there is no formal demurrer, motion to make more specific, or objection to the introduction of evidence upon the ground that facts sufficient to constitute a cause of action are not stated. Jenkinson v. City of Vermillion, 3 S. D. 238, 52 N. W. 1066; Anderson v. Alseth, 6 S. D. 566, 62 N. W. 435; Sherwood v. City of Sioux Falls, 10 S. D. 405, 73 N. W. 913.

The wheat was bought by respondent from producers, and all except a few bushels, loaded into the car from wagons, was run through a fanning mill before the shipment was made. Respondent testified that it was all nice, clean-looking wheat, and was bought of the farmers for No. 1 Northern grade, which was worth in Minneapolis at the time 10 cents per bushel more than No. 2 Northern. With the exception of an odor something like that of brown paper, which pervaded one load of about 35 bushels, the entire carload of wheat was of fine quality and uniform grade. From appellants' testimony it appears that on arrival at Mnneapolis the car load was graded No. 2 Northern, and sold by them on the 7th day of June for $1.23 per bushel, but, on account of the odor and other alleged dam-

aging conditions, the purchaser refused to close the transaction, and appellants wrote respondent to the effect that the car contained a great deal of poor wheat, and that on re-inspection by the proper authorities it would surely grade "rejected," and for that reason they would avoid further inspection. A day or two later they again sold the wheat for No. 2 Northern at $1.10 per bushel, but rescinded this sale, and notified respondent that the purchaser had found at least one third of the car at the ends and bottom much damaged, and inferior in quality to the sample used in making the sale, and advised him that it would be best to unload the car at an elevator, and have the wheat cleaned and mixed back, before attempting to dispose of it. This being done, the car load with the exception of from 50 to 60 bushels, which was kept out, was again inspected, and graded No. 1 Northern, and was sold for 98½ cents per bushel on the 15th day of July, as previously noticed. On the 18th day of that month, after selling the balance at 52½ cents per bushel, they wrote respondent that it was the very best that could be done with the wheat, as the same was fire burnt, and unsalable for every purpose but chicken feed. Soon afterwards, and apparently before anything else had been done with this wheat characterized as "chicken feed," respondent bought it from appellants' purchaser, and in the same condition procured a reinspection thereof, which resulted in the same being graded No. 1 Northern, selling on the Minneapolis market at 62 cents per bushel. It appears from the record that all wheat sold on the Minneapolis market must be first inspected and graded by officers appointed for that purpose pursuant to a legislative enactment, and any interested person dissatisfied with their action has the right to call for and obtain a reinspec-

tion, which, like the former, must be conducted in accordance with certain rules established by the railroad and warehouse commission of the State of Minnesota. Owing to the vast volume of business, mistakes on the part of inspectors are quite likely to occur, and it is almost impossible to do complete justice to all by a single inspection of each car. Therefore reinspections are quite frequent, and granted as a matter of strict legal right, together with an appeal therefrom to the railroad and warehouse commission, if desired. The record discloses much evidence tending to show the utmost good faith and exercise of care on the part of appellants, and the failure to secure a reinspection or dispose of the grain while the market price was higher constituted the basis for a claim of negligence bearing upon the matter, and conflicting evidence was submitted to the jury under proper instructions. This being true, our opinion as to what verdict we would render upon the testimony, had we been of the jury, is of no importance, in view of the fact that there is legal evidence, sufficient, though controverted, to sustain the conclusion reached by the jury. It being the province of the jury to weigh and pass upon conflicting testimony, the only question to be determined on appeal is whether there is evidence to sustain the verdict when considered independently of the case made by the adverse party. Jeansch v. Lewis. 1 S. D. 609, 48 N. W. 128; Weiss v. Evans, 13 S. D. 185, 82 N. W. 388. When considered with all the circumstances disclosed by the record, we cannot say that the failure to have the wheat reinspected, the retention of the same on a declining market, and the sale of a portion thereof for chicken feed, which afterwards graded No. 1 Northern, are not enough to justify an inference on the part of the jury that appellants were negligent.

The assignments of error directed to the rulings of the court·concerning evidence offered and received with reference to the quality, grade and disposition of the wheat designated as "chicken feed" are all without merit, for the reason that respondent was permitted to testify fully concerning the entire matter, without objection, and the foundation for his testimony concerning the contents of a written order for a reinspection was amply laid. Numerous other errors are assigned upon the admission and exclusion of testimony and the instructions of the court to the jury, but as the questions raised involve nothing of special interest, and the court was clearly right in every particular, we deem it unnecessary to further extend this opinion. A careful consideration of the entire record discloses no error, and the judgment appealed from is affirmed.

HANEY, J., dissents.