## OLSON v. DAY.

A verdict on conflicting evidence is conclusive on the Supreme Court.

The court will go no further than to determine whether there is legal evidence sufficient to sustain the verdict.

A payee who introduces in evidence the note, showing no indorsements of payments thereon, makes out a prima facie case, and the burden is then on defendant to show that payments were made as claimed, though the note is pleaded in the complaint by copy and not according to its legal effect, and alleging the amount due thereon, which is put in issue by general denial.

(Opinion filed, April 15, 1909.)

Appeal from Circuit Court, Pennington County.  Hon. Levi McGee, Judge.

Action by Olof Alfred Olson against Robert W. Day.  From a judgment for plaintiff, defendant appeals.  Affirmed.

*Charles W. Brown,* for appellant.  *Frank D. Bangs,* for respondent.

CORSON, J.  This is an appeal by the defendant from the judgment entered upon the verdict of the jury in favor of the plaintiff.  The plaintiff's action is based upon a promissory note alleged to have been executed by the defendant on April 14, 1905, and due September 1, 1905, for the sum of $400, with interest at 6 per cent. from maturity.  Defendant answered admitting the execution of the note, but claimed payment of $200 made July 27, 1905, by check, and payment of $79.95 for board and lodging from April 10, 1905 to July 20, 1905, which it was agreed by the plaintiff should be indorsed upon said note.  The jury found for the plaintiff on all the issues and rendered a verdict for the full amount claimed.

It is admitted by the appellant that, as there was a conflict in the evidence in regard to the board bill of $79.95, the plaintiff testifying that his board was to be included as a part of his salary, and the defendant testifying that he did not so understand the arrangement, and therefore, there being a conflict in the evidence, the verdict of the jury finding in favor of the plaintiff upon that issue is conclusive upon this court. But the appellant contends the evidence as to the payment of the $200, and that that amount should be applied in payment upon the note, is practically undisputed. But in this the appellant is clearly in error, as upon that subject the plaintiff testified as follows: "Q. In his (defendant's) answer he states that he had paid you on July 22, 1905, $200, to be applied to the credit of your note. What have vou to say about this payment? A. That was for past services and had nothing to do with the note whatever. It was the $200 given me when I quit his employ. Q. Did you ever agree to credit this payment of $200 on the note? A. No, it was never mentioned—never spoken of. Q. He never asked you to credit it on the note? A. No, he never did; but, on the contrary, he said that when the note was due he would remit and pay it." Assuming, as we may, that the defendant testified that the $200 was paid by him with the agreement or understanding that it should be credited upon the note, there was in any event, a clear conflict in the evidence, and, the jury having by their verdict found upon that issue in favor of the plaintiff, their verdict is conclusive upon this question on this appeal. On an appeal to this court in actions at law tried by a jury, this court will not weigh the evidence and will go no further than to determine whether there was legal evidence sufficient to sustain the verdict without regard to the evidence of the adverse party. The rule as adopted by this court is thus stated in Jeansch v. Lewis et al., 1 S. D. 609, 48 N. W. 128: "Where, in a case tried before a jury, the evidence is conflicting, this court will not weigh the evidence, or go further than to determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict without regard to the evidence given on the part of the other party, except so far as such evidence tends to sustain his case." Meyer et al. v. Davenport E. Co., 12 S. D. 172, 80 N. W.

189; Weiss v. Evans, 13 S. D. 185, 82 N. W. 388; Walker v. McCall et al., 13 S. D. 513, 83 N. W. 578; Kielbach v. Chi., M. & St. P. Ry., 13 S. D. 629, 84 N. W. 192. As the plaintiff had introduced in evidence the note which defendant admitted he had executed for the sum of $400, he made out a prima facie case upon which he was entitled to recover, in the absence of proof on the part of the defendant as to payments made thereon, as alleged by him. The plaintiff's evidence therefore was amply sufficient to entitle him to a verdict without regard to the evidence given on the part of the defendant, and, there being a conflict in the evidence, this court will not assume to weigh the same or disturb the verdict of the jury upon such conflicting evidence.

It is further contended by the appellant that the court erred in instructing the jury as follows: "You are instructed * * * that, when the plaintiff produced the note in evidence in this case, he made out a prima facie case, and on that statement alone he would be entitled to recover. Then the burden of proof shifts to the defendant to prove that payments should be allowed to the amount of $200, and for the amount of the board bill, being $79.95. * * * You are instructed that the burden of proof, or, in other words, the preponderance of the testimony, does not mean the greatest amount of testimony. It means that testimony which is most consistent and reasonable when construed with all the other testimony in the case." It is contended by the appellant that as the note was pleaded in the complaint by copy, and not according to its legal effect and alleging the amount due thereon which was put in issue by the general denial, the burden of proof did not and could not shift, and was at all times upon the plaintiff to show the amount due upon the note, although its production might make out a prima facie case in the absence of other evidence. We are of the opinion, however, that the plaintiff by the production of the note, showing no indorsements of any payments thereon, clearly made out a prima facie case, entitling him to recover, in the absence of evidence on the part of the defendant as to the payments alleged to have been made by him upon the said note, and that, in effect, the burden was then upon the defendant to prove by a preponderance of evidence that payments had been made to the plaintiff that

should have been credited upon the note, and that the court therefore committed no error in its charge to the jury upon those questions.   8 Cyc. 245; 2 Enc. of Ev. 501, and note 92; Taylor v. Taylor's Estate, 138 Mich. 658, 101 N. W. 833; Star Wagon Co., v. Mathiessen et al., 3 Dak. 233, 14 N. W. 107; Ritter v. Schenk, 101 Ill. 387; Griffith v. Lewin, 125 Cal. 618, 58 Pac. 205; Pastene v. Pardini, 135 Cal. 432, 67 Pac. 681; Haywood v. Louis, 65 Ga. 221; Studebaker Bros. Mfg. Co. v. Langson, 89 Wis. 200, 61 N. W. 773; Davis v. Gaines, 28 Ark. 440; Tisdale v. Maxwell, 58 Ala. 40.   In 2 Enc. of Ev., under the headnote of "Presumption and Burden of Proof," it is said: "In an action upon a note or bill the burden of proving payments is upon the defendant. * * * Possession thereof by the payee is prima facie evidence of nonpayment."   In Ritter v. Schenk, supra, the Supreme Court of Illinois held: "The possession of a promissory note in the hands of the personal representative of the payee, unexplained, is prima facie evidence that it has not been fully paid, and, when it is produced in evidence, the burden of proof is on the maker to establish payment, by a preponderance of evidence."   In Griffith v. Lewin, supra, the Supreme Court of California held: "In an action against the administrator of a deceased person upon a rejected note, a prima facie case of nonpayment of the note is made by the introduction of the note in evidence, with the indorsements thereon, and proof of the signature of the decedent thereto, and the burden of proof was thereby cast upon the defendant to prove by competent evidence that the note had been paid, or to raise a legal presumption of payment sufficient to rebut the prima facie case made by the plaintiff."

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.

SMITH and McCOY, JJ., not sitting.