## MILES v. PENN MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA.

It is not error to refuse a requested charge fully covered by instructions given.

Plaintiff sued on a policy on her husband's life by which defendant agreed to pay $5,000 on the event of her husband's death unless he died from suicide within a year, when its liability was limited to the first premium amounting to $72 and interest. The sole issue tried was whether deceased came to his death by suicide. The jury returned a verdict, "We, the jury, in the above-entitled action find all the issues in favor of plaintiff, and assess her damages at the sum of $77." **Held** that the verdict constituted a finding that the insured died from suicide, and was sufficient to sustain a judgment for plaintiff for the amount stated.

Haney, P. J., dissenting.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Nora M. Miles against the Penn Mutual Life Insurance Company of Philadelphia. Judgment for defendant, and plaintiff appeals. Affirmed.

*Joe Kirby,* for appellant.

In an action to recover the amount of a policy of insurance the defense of suicide to avail the Company must show that every reasonable hypothesis of accidental death is excluded by the evidence. Phillips v. Insurance Co., 21 Am. Rep. 549; Sorenson v. Pulp Co., 14 N. W. 446; Boynton v. Ins. Co., 52 L. R. A. 687; Mut. Life v. Wiswell, 35 L. R. A. 260; Standard Life v. Thornton, 49 L. R. A. 116; Courtemanche v. Forresters, 64 L. R. A. 608; Travelers' Ins. Co. v. Nicklas, 41 At. 906; Baltimore R. R. Co. v. Landrigan, 191 U. S.; Home Benefit v. Sergeant, 142 U. S. 691; Globe Accident Co. v. Gerisch, 45 N. E. 563. A general verdict by which the jury find generally for one party or the other must be construed with reference to the pleadings and understood as a decision by the jury of all questions presented by the issues in favor of the party named. Civ. Proc. Sec. 270; Greenlee v. Schoenheit, 37 N. W. 600; Rosenfield v. Bee Pub. Co., 75 N. W. 84; Holt v. Van Epps, 1 Dak. 198; Fitzer v. McCannon, 14 Wis. 63; Krause v. Cutting, 28 Wis. 655; Mendelsohn v. Lighter Co., 40 Cal. 657; Hutchinson v. Superior Court, 61 Cal. 119; Pierce v. Schaden, 62 Cal. 283; Imperial Ins. Co. v. Kiernan, 83 Ky. 468; 22 Ency. Pl. & Pr. 915; Goggan v. Evans, 33 S. W. 891; Walston v. Walston, 24 S. W. 951.

*Bailey & Voorhees* and *Aikens & Judge,* for respondent.

The contract of insurance exempted the respondent from all liability in case the insured committed suicide within a certain specified time from the date of the policy, whether sane or insane. If the insured violated this condition, there can be no recovery against the respondent on the policy, and the question whether at the time of his death he was sane or insane is immaterial. Bigelow v. The Berkshire Life Ins. Co., 93 U. S. 284; Clarke et al. v. The Equitable Life Assuranec Society, 118 Fed. 374; De Gogorza v. The Knickerbocker Life Ins. Co., 64 N. Y. 232; Supreme Lodge Order of Mutual Protection v. Gelbke, 198 Ill. 365; Travelers Ins. Co. v. McConkey, 127 U. S. 661; Mutual Reserve Fund Life Association v. Payne, 32 S. W. 1063; Northwestern Mutual Life Ins. Co. v. Churchill, 105 Ill. App. 159; Dickerson v. The Northwestern Mut. Life Ins. Co., 200 Ill. 270. When a person is found dead the pre-

sumption is that death was natural or accidental, but where there is additional evidence as to the cause of death, no such presumption is to be indulged in, but the question as to the cause of death becomes one of fact for the jury. Washburne v. The Nat'l Acc. Association, 10 N. Y. Sup. 366; Mallory v. The Travelers Ins. Co., 47 N. Y. 52; Burnham v. The Interstate Casualty Co., 117 Mich. 142; The Home Benefit Association v. Sargent, 142 U. S. 691; Sharland v. The Washington Life Ins. Co., 101 Fed. 206; Penfold v. The Universal Life Ins. Co., 85 N. Y. Sup. 317; Witlatch v. The Fidelity & Casualty Co., 24 N. Y. Sup. 537; Hale v. The Life Indemnity & Investment Co,. 61 Minn. 516; Aetna Life Ins. Co. v. Kaiser, 104 Ky. 539; Seybold et al. v. The Supreme Tent of the Knights of the Maccabees, 83 N. Y. Sup. 149; Agen v. The Metropolitan Life Ins. Co., 105 Wis. 217; Parish et al. v. The Mutual Benefit Life Ins. Co., 49 S. W. 153; The Supreme Lodge of the Knights of Honor v. Fletcher, 29 Southern, 528; Johns et al. v. The Northwestern Mutual Relief Ass'n, 90 Wis. 332; Ingraham et al. v. The National Union, 103 Ia. 395.

WHITING, J. This action was brought by plaintiff and appellant to recover of the defendant and respondent upon a policy of insurance, in the sum of $5,000, issued by defendant to Milton W. Miles, and payable to his wife, the plaintiff herein. Said policy contained a provision whereby in case of suicide of insured within a period of one year from its date the liability of the defendant should be limited to the amount of premium paid thereon. After having paid premium to the amount of $72 and within one year from date of policy the said Milton W. Miles died. The defense was that the insured committed suicide, and the sole issue on the trial was this question of whether deceased came to his death by suicide. The jury returned the following verdict: "We, the jury, in the above-entitled action, find all the issues in favor of the plaintiff, and assess her damages at the sum of seventy-seven dollars." Plaintiff excepted to this verdict on the ground that it was contradictory, in that it finds on the issue of suicide against the defendant, and then assesses plaintiff's damages at only $77, when she claims she would be entitled to $5,000 and interest. The verdict being received and judgment entered thereon, and the trial

court having denied a new trial, the plaintiff brings this appeal, and assigns several errors, which assignments are properly grouped under five headings, to wit: 'Refusal to give certain instructions asked for; the giving of certain instructions excepted to; sustaining objections to certain statements made by plaintiffs counsel in addressing the jury; insufficiency of evidence to sustain verdict; receiving the above verdict over plaintiff's exception.

Plaintiff asked for certain instructions which were certainly proper in themselves and stated correct legal propositions applicable to the case at bar, but inasmuch as the instructions asked are fully covered by those given, with the exception of one clause, and which clause we do not think material in view of other instructions given, the plaintiff could not possibly have been prejudiced by the court's refusal to give the instructions in the words as asked for by plaintiff.

The plaintiff complains that certain instructions given by the court were contradictory, also, that they were argumentative in their nature, and that they tended to present the defendant's theories while withholding those of plaintiff and that from such instructions the jury would gather the views of the court as to the facts. We do not feel it proper to incumber this opinion with a full statement of the instructions given, but to us they seem, under the issue in this case and evidence that had been received thereon, to be very fair to both parties.

In addressing the jury plaintiff's counsel departed from a discussion of the evidence in a couple of instances, defendant's counsel objected to this statements, and the court ruled with defendant, cautioning plaintiff's counsel as to his line of argument. We do not see anything in the statements that could have been very dangerous to the defense, yet they certainly were subject to objection, and plaintiff cannot complain because the trial court disapproved of same.

The plaintiff strenuously contends that the evidence received was insufficient to prove that the deceased committed suicide. The evidence is quite voluminous, and no useful purpose could be subserved by statement of same. To us it seems to admit only of the conclusion that deceased killed himself, and we cannot conceive

how, under this evidence, any juror could have the slightest doubt as to what his verdict should be.

The most important question in this case arises from the wording of the verdict, but, when we consider the only issue in this case, together with the whole record, we believe the trial court was justified in receiving the verdict and entering judgment thereon. The trial court gave the following as a part of its instructions: "Gentlemen of the jury, take this case fairly and honestly, and very carefully consider the evidence submitted to you, and determine the question: Did Mr. Miles intentionally take his own life? If you find that he did, your verdict should be for the defendant. If you find that he did not, then your verdict should be for the plaintiff. If you find for the plaintiff, she will be entitled to recover the sum of $5,000, with interest at 7 per cent. from the —————. [Counsel agree as to the amount of interest.] If you find in favor of the defendant—that is, that Mr. Miles came to his death by suicide—then the plaintiff will be entitled to recover only the amount of the first premium paid by the assured, with added interest thereon. Verdicts will be sent out with you to cover the conditions of either state of facts, as you may find them."

Take this instruction as a whole, and it directs the jurors that if they find the deceased committed suicide their verdict should be for the plaintiff for the $72 and interest; and, in case they did not so find, their verdict should be for the plaintiff for $5,000 and interest. We think we can fairly presume, in view of the words of the instructions, that two verdicts fully written out were sent out with the jury, and that in selecting the one providing damages in the sum of $77 they paid no attention to the recital "all the issues"; but even presuming that the jury wrote out its own verdict and put in these words, yet, under the circumstances, they cannot be controlling. Can there be the slightest question whatever as to the intent of the jury? Is it possible for one to doubt that the jury found the issue of suicide in favor of the defense? Suppose there had been a general verdict in favor of the plaintiff for $5,000 and a special finding that deceased committed suicide, the special finding would control and judgment enter accordingly. The verdict as rendered was, to our mind, as certain

in favor of defense on question of suicide as a direct finding could have been. Plaintiff has cited several cases, but we think they can readily be distinguished from the case at bar. We have carefully considered all of these authorities, and find none which in any way apply to the proposition before the court, which proposition to our mind is simply whether or not from the verdict as rendered in connection with the issue before said jury and instruction of the court, it can be ascertained without question what the decision of the jury was upon the issue before them. In the case of Leftwich v. Day, 21 N. W. 731, the court said: "Verdicts are to have a reasonable intendment, and receive a reasonable construction, and are not to be avoided unless for necessity. However informal, a verdict is good if the finding of the matter in issue may be concluded from it; and the court can clearly understand it." This same legal proposition has been advanced in this court in the cases of Kelsey v. C. & N. W. Ry. Co., 1 S. D. 80, 45 N. W. 204, and Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128. While the facts in none of these cases are similar to what we find in the case at bar, yet we think the legal proposition laid down in these cases is clearly applicable to the situation in this case, and, when we apply the same to this case, the judgment of the lower court must be affirmed.

It is therefore ordered that the judgment of the trial court and order denying a new trial be, and the same are, affirmed.

HANEY, P. J., dissents.