## COMEAU v. HURLEY et al.

Where evidence is conflicting, the Supreme Court will not weigh it, or go farther than to determine whether the winning party gave sufficient legal evidence to sustain the verdict, except as it also tends to sustain the verdict.

A general exception to the charge is insufficient to present a question for review.

(Opinion filed, Nov. 17, 1909.)

Appeal from Circuit Court, Potter County. Hon. LORING E. GAFFY, Judge.

Action by Mary Comeau against Solon P. Hurley and an other. From a judgment for plaintiff, defendants appeal. Affirmed.

See also, 22 S. D. 79-310, 115 N. W. 521; 117 N. W. 371.

D. J. O'Keefe and Henderson & Fribourg, for appellants. S. M. Howard, A. J. Brower, and J. H. Bottum, for respondent.

CORSON, J. This case comes before us on an appeal by the defendant from a judgment entered in favor of the plaintiff, and the order denying a new trial. The action was instituted by the plaintiff to recover the value of certain live stock levied on and sold by the defendants under an execution issued upon a judgment in favor of Charles and Otto Selzer, against M. A. Comeau, the husband of the plaintiff, of which property the plaintiff claimed to be the owner. The case was tried to the jury, and a verdict rendered in favor of the plaintiff.

It is contended by the appellant that there were numerous errors committed by the trial court in the admission of evidence, objected to by the defendant, and in its charge to the jury, and that the verdict is not supported by the evidence, and is against law. This is the third of three cases, two of which were brought by sons of the plaintiff, which have heretofore been decided by this court; the first being Comeau v. Hurley et al., 22 S. D. 79, 115 N. W. 521, and the second is Comeau v. Hurley et al., reported in 22 S. D. 310, 117 N. W. 371. In these two cases practically all of the questions involved in this case were decided by this court adverse to the defendants, and the judgments in those cases were affirmed. Upon a careful examination of the evidence in this case, we are satisfied that the same was sufficient to support the verdict of the jury. This court has uniformly held that, where the evidence is conflicting, this court will not weigh the evidence, or go farther than to determine therefrom whether or not the party has given sufficient legal evidence to sustain the verdict, without regard to the evidence given on the part of the other party, except so far as such evidence tends to sustain the verdict. Jeansch v. Lewis et al., 1 S. D. 609, 48 N. W. 128; Weiss v. Evans, 13 S. D. 185, 82 N. W. 388; Northwestern Elevator Co. v. Lee et al., 15 S. D. 114, 87 N. W. 581; Quale v. Hazel, 19 S. D. 483, 104 N. W. 215; Schott v. Swan, 21 S. D. 639, 114 N. W. 1005; Stolle v. Stuart, 21 S. D. 643, 114 N. W. 1007. . If the jury believed the testimony of the plaintiff and her witnesses, they were fully justified in finding a verdict in her favor. In view of the fact that the questions presented on this appeal have been so fully discussed in the two former cases

above referred to, we do not deem it necessary to again review them on this appeal; and the facts and the evidence are so fully stated in those decisions, with the exception of additional evidence as to the plaintiff's ownership of the property in the case at bar, a reproduction of the same in this opinion would serve no useful purpose.

The only exception taken to the charge of the court is as follows: "And defendants duly excepted to each and every part of the foregoing instructions at the time they were given by the court to the jury." Such an exception to the instructions is insufficient. Kennedy v. Falde, 4 Dak. 319, 29 N. W. 667; State v. Campbell, 7 N. D. 58, 72 N. W. 935; Banbury v. Sherin, 4 S. D. 88, 55 N. W. 723; Calkins v. Seabury Consol. Co., 5 S. D. 299, 58 N. W. 797; Brooks v. Dutcher, 22 Neb. 644, 36 N. W. 128.

The judgment of the circuit court and order denying a new trial are affirmed.

WHITING, J., taking no part in the decision.