On effect of recording of deed or delivering it for record as a delivery, see note in 54 L. R. A. 884, 885.

On burden of proof as to fraud against creditors in transfer to wife, see note in 56 L. R. A. 825.

---

STATE ex rel. BLY, Respondent, v. WOLD, Appellant.

(203 N. W. 508.)

(File No. 5561.   Opinion filed April 18, 1925.)

1. **Appeal and Error—Trial—Leading Questions Not Prejudicial, Where Objections Thereto Were Sustained.**

   Leading questions to which, in every instance except one, objections were sustained, held not prejudicial misconduct of counsel.

2. **Bastards — Findings — Finding that Defendant Was Father of Child Sustained.**

   In bastardy proceedings, evidence held sufficient to sustain finding that defendant was father of child.

3. **Appeal and Error—Verdict—Sufficiency of Evidence to Sustain Verdict Is Only Question on Appeal Therefrom as Against Weight of Evidence.**

   In appeal from verdict as against preponderance of evidence, whether evidence of successful party was sufficient to sustain verdict only will be reviewed, irrespective of evidence given on part of other party.

4. **New Trial—Newly Discovered Evidence—Sufficient Diligence in Effort to Procure Testimony Offered as Grounds for New Trial Not Shown.**

   Where, in motion for new trial, there was no show of diligence to procure evidence offered as grounds therefor at time of trial, motion held properly refused, in view of Rev. Code 1919, Sec. 2555, making grounds for new trial newly discovered evidence which could not with reasonable diligence be produced at trial.

Appeal from Circuit Court, Minnehaha County; HON. L. L. FLEEGER, Judge.

Action by the State of South Dakota, on relation of Jennie Bly, against Leonard Wold. Judgment for plaintiff, and defendant appeals. Affirmed.

*Danforth & Barron,* of Sioux Falls, for Appellant.
*Krause & Krause,* of Dell Rapids, for Respondent.

(1)  To point one of the opinion, Respondent cited:  Warwick v. Bliss, 45 S. D. 388.

(2)  To point two, Respondent cited:  State v. Schmidt, 193 N. W. 954; State v. Wiebke, 191 N. W. 249.

(3)  To point four, Respondent cited:  Gaines v. White, 1 S. D. 434; State v. Barnes, 26 S. D. 622.

SKINNER, Circuit Judge.  This is an action brought by the state of South Dakota on the relation of Jennie Bly, plaintiff and respondent, against Leonard Wold, defendant and appellant, and in the complaint the defendant is charged with being the father of the bastard child born to the relatrix February, 1922, in the county of Minnehaha, state of South Dakota; and to this complaint the defendant entered a plea of "not guilty."  The case was tried to a jury, and the jury returned a verdict in favor of plaintiff and against the defendant and finding that the defendant was the father of the child of relatrix.

The facts in this case, briefly stated, are as follows:  The defendant, Leonard Wold, was a young man 22 years of age, living with his parents a few miles from Colton in the county of Minnehaha, S. D.  Complaining witness was a young woman, 23 years of age at the time of the trial, who was living with her sister, Mrs. Tom Questad, at the time it was claimed the act of sexual intercourse took place between the complaining witness and the defendant, Leonard Wold.  The complaining witness fixed the exact date of the alleged act as being on May 12, 1921. The child was born February 12, 1922.  The evidence on the part of the defendant was to the effect that he was not at the Questad home where the complaining witness was staying, nor near the place it was claimed the act took place, at any time during the month of May, 1921.  The complaining witness claimed that on the evening of May 12, 1921, the defendant came to the Questad home in company with his sister, Beatrice Wold, and another young lady by the name of Constance Drivness.  It was admitted by the defendant that he was at the Questad home with his sister, Beatrice Wold, and said Constance Drivness, but his evidence showed that the time was approximately the 18th day of June, 1921.  It was also claimed by the complaining witness that her child was not a premature child.

The complaining witness, Jennie Bly, testified: That the defendant, Leonard Wold, drove up to the Tom Questad home around the 12th day of May, 1921, about 9 o'clock in the evening, and brought with him Beatrice Wold, his sister, and Constance Drivness, his cousin. That they came in the house and visited for a time, and that her sister got a lunch, and after lunch the young folks went out for a ride. That they all got in the car —Beatrice Wold, Constance Drivness, Palmer Akre, Leonard Wold and herself and that was about half past 10 o'clock in the evening. That she sat in the front seat with Leonard Wold, who was driving, and Palmer Akre sat with the other girls in the back seat. That they drove around the section and arrived home in about an hour afterwards, and Leonard Wold drove the car into the yard. That they got out of the car, and she and Leonard Wold went over to a bonfire that was burning near the buildings to see that there was no danger to the buildings close by. That they remained there about 5 to 10 minutes and went back to the car, but the girls and Palmer Akre had gone. That Leonard Wold, the defendant, started the engine, tooted the horn, and waited about 10 minutes for the girls, but they did not come back to the car. He then told the complaining witness to get into the car, and they took a drive, and that after they had driven the car some distance from the house the defendant stopped the car and he and the complaining witness got into the back seat of the automobile and the act of sexual intercourse took place there. That they drove back to the Tom Questad home, and the girls Beatrice Wold and Constance Drivness had started on toward Colton on foot. That when they returned it was about 12 o'clock. The complaining witness further stated that she never had intercourse with any other man before or since this act on May, 1921, and that Leonard Wold was the father of her child born in February, 1922.

It seems to be conceded by the defendant that he did take a drive in an automobile with the complaining witness, Jennie Bly, and that they went over the ground on a certain night in the manner and about the time of night testified to by her, but he claims that this trip took place on approximately the 18th day of June, 1921, and not on May 12, 1921, and that he was not at the Questad home at the last-mentioned date, and that he did not have

any act of sexual intercourse with the complaining witness, and, as stated by the appellant in his brief:

"The important question of fact, therefore, in the case was whether the defendant, Wold, had sexual intercourse with the complaining witness, and the date of such relations."

As to the date of the visit of the defendant, Leonard Wold, to the Tom Questad home, the complaining witness is corroborated in her testimony by several other witnesses, and on the other hand the defendant produced witnesses who testified that he was not at the Questad home on the 12th day of May, 1921, but that it was June 18, 1921, that he was there with his sister and cousin. Evidently the jury believed the testimony of the complaining witness and her witnesses.

[1] The appellant's assignments of error numbered 1 to 7 are to the effect that it was misconduct on the part of plaintiff's counsel to ask leading questions after the court had sustained the defendant's objections to such questions. In every instance except one, where leading questions were asked by counsel for plaintiff, as set forth in the assignments of error, the court sustained the objection, and we fail to find where there was any prejudice resulting to the defendant on account of these questions being asked, and we do not think there is any merit in those assignments of error.

[2, 3] The appellant's eighth assignment of error is that the evidence is insufficient to sustain the verdict of the jury and the judgment entered thereon, for the reason that the preponderance of the testimony and undisputed facts clearly establish that there is not sufficient evidence to sustain said verdict or judgment. It would serve no useful purpose to set out at length the testimony of the witnesses who testified in this case, but the court is of the opinion that the evidence introduced on the part of the respondent on the trial of this action was ample to justify the verdict of the jury, and it is not for this court, where the evidence is conflicting, to review the evidence and determine as to its weight, and in such cases this court has repeatedly held that it would not weigh the evidence or go further than to determine therefrom whether or not the successful party has given sufficient legal evidence to sustain the verdict without regard to the evidence given on the part of the other party, except so far as such evidence tends to

sustain his case. In the case of Drew v. Lawrence, 37 S. D. 623, 159 N. W. 275, will be found the following statement:

"'In considering the verdict of a jury in any particular case, to determine whether or not it is sustained by the evidence, we are not to speculate or query how we would have viewed the evidence and testimony, or what verdict we would have rendered had we been of the jury. The real and only question to be solved and answered is, Is there any legal evidence upon which the verdict can properly be based, and the conclusions embraced in and covered by it be fairly reached? It is the province of the jury to weigh and pass upon the evidence; to reconcile conflicting testimony; to determine the truth or value of evidence; to ascertain and declare, from all of the evidence and testimony, the facts of the case; and from the facts, when ascertained by them, and the law as given to them by the court, to arrive at and announce their decision, which is their verdict. And we cannot determine what specific evidence they relied upon in reaching that verdict; nor how they reconciled or adjusted conflicting evidence or testimony; nor just what they rejected or doubted; nor the precise weight or effect they gave to any particular * * * item of evidence or testimony. * * * This court will, as a general rule, only ask and determine, Is there any legal evidence or testimony which fairly warrants the verdict of the jury? If there is, particularly in a case where the evidence is conflicting, the verdict will not be disturbed, if there is not, the verdict will be set aside.' Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728; Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Weiss v. Evans, 13 S. D. 185, 82 N. W. 388."

See, also, the following cases: Walker v. McCaull et al., 13 S. D. 512, 83 N. W. 578; Kielbach v. Chicago, M. & St. P. Ry. Co., 13 S. D. 629, 84 N. W. 192; Charles E. Bryant & Co. v. Arnold, 19 S. D. 106, 102 N. W. 303; Unzelman v. Shalton, 19 S. D. 389; 103 N. W. 646; Schott v. Swan, 21 S. D. 639, 114 N. W. 1005; Comeau v. Hurley, 22 S. D. 79, 115 N. W. 521; Olson v. Day, 23 S. D. 150, 120 N. W. 883, 20 Ann. Cas. 516; Comeau v. Hurley et al, 24 S. D. 255, 123 N. W. 714.

The foregoing rule has been upheld and applied in cases involving practically the identical situation as in this case by the Supreme Courts in other states in the following cases: State v.

Hiertz, 41 N. D. 55, 170 N. W. 118; State v. Deike, 144 Minn. 453, 175 N. W. 1000; State v. Wiebke, 154 Minn. 61, 191 N. W. 249; State v. Schmidt, 155 Minn. 440, 193 N. W. 954; State v. Boice (Minn.), 196 N. W. 483; State v. Wangler, 151 Iowa 555, 132 N. W. 22; Menn v. State, 132 Wis. 61, 112 N. W. 38.

[4]    Appellant, on the motion for a new trial, presented two affidavits of parties who resided in Minnehaha county, in which affidavits the affiants claim that Beatrice Wold, sister of the appellant, was not at the Tom Questad home on May 12, 1921, and a third affidavit by J. H. Bechtold of the official weather bureau of Sioux Falls, Minnehaha county, S. D., in which the affiant states that, from an examination of his records, there was a general rain in the vicinity of Sioux Falls, Minnehaha county, S. D., on May 12, 1921, and that the rainfall on said night was .11 inches.

Section 2555, Rev. Code 1919, enumerates the causes for granting a new trial, and subdivision 4 of said section reads as follows:

"Newly discovered evidence, material to the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial."

Appellant did not present to the trial court any affidavit showing the efforts he made to procure the testimony of the parties who made the affidavits hereinbefore mentioned; and there was no showing whatever of any diligence on the part of the appellant to procure the testimony of these witnesses at the time of the trial of said action. In the case of Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250, the court uses the following language:

"The question as to what diligence is required of a party preparing for trial was fully considered in the case of Gaines v. White, 1 S. D. 434, 47 N. W. 524, and the conclusion reached by this court is thus stated in the headnote: 'An application for a new trial on the ground of newly discovered evidence must show by affidavit (1) that the applicant has been vigilant in the preparation of his case for trial; (2) that new and material facts have been discovered since the trial, which could not by reasonable diligence have been produced at the trial. And these facts should be explicitly stated in the affidavits.' See, also, the following cases: Oschenreiter v. Bagley Elevator Co., 11 S. D. 91, 75 N.

W. 822; Longley v. Daly, 1 S. D. 266, 46 N. W. 247; Boot v. Brewster, 36 N. W. 649, 9 Am. St. Rep. 515; Braitwaits v. Aiken, 49 N. W. 421; Oberlander v. Fixen & Co., 129 Cal. 690, 62 Pac. 254."

And this rule is also followed in the case of Whitney Loan & Trust Co. v. Brown et al, 42 S. D. 95, 172 N. W. 875.

The court is therefore of the opinion that the trial court did not err in refusing to grant the appellant a new trial, and the order of the lower court should be and is affirmed.

SKINNER, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

CAMPBELL, J., not sitting.

Note.—Reported in 203 N. W. 508. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1060(2), 4 C. J. Sec. 2938; (2) Bastards, Key-No. 65, 7 C. J. Sec. 128; (3) Appeal and error, Key-No. 989, 4 C. J. Sec. 2830; (4) New trial, Key-No. 102(1), 29 Cyc. 886.

On what diligence required in discovery of evidence for which new trial is sought, see note in 30 L. R. A. (N. S.) 1039.